was no violation of the lease on the part of the tenant respecting the landlord's obligation to provide an ordinary store front. The lease running to plaintiff Nedick's Stores, Inc., as tenant, contains general provisions requiring the landlord to prohibit other tenants from operating with open fronts, and from conducting a business similar to that tenant's business. But these provisions, it is expressly provided, do not apply to a tenant occupying a portion of the building as a restaurant or bar and grill where liquor is sold for consumption on the premises in such restaurant, bar and grill. The tenancy of the appellants comes precisely within this exception. In addition, there is no proof that the appellants had notice or knowledge of such restrictions. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. Settle orde on notice.

FREECHAS REALTY Co., INC., Appellant, v. KATIE S. HALL, as Co-Administratrix, etc., of GEORGE SCHAEFER, Deceased, Respondent, and Another, Defendant. (Appeal No. 1.) — Order, in so far as appealed from, denying motion of the plaintiff to strike out as insufficient two affirmative defenses contained in the answer, affirmed, with ten dollars costs and disbursements. On its face, it appears that the complaint is defective in that a declaratory judgment is sought although the same issue is pending in a proceeding before another court, which presumably has jurisdiction of the subject-matter of the assignment. If for any reason the issue may not or cannot be determined in the Orphans' Court for the City and County of Philadelphia, Pennsylvania, appropriate allegations to that effect should have been set forth affirmatively in the complaint. There are no such allegations. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

FREECHAS REALTY Co., INC., Appellant, v. KATIE S. HALL, as Co-Administratrix, etc., of GEORGE SCHAEFER, Deceased, Respondent, and Another, Defendant. (Appeal No. 2.) — Order granting motion of respondent to change the place of trial from Westchester county to Queens county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

GLAMORE MOTOR SALES, INC., Respondent, v. MARCUS JAMES BRODERICK, Appellant, and FRANK MAHDAL, Defendant.— Defendant in an action for damages for injury to property appeals from an order denying his motion to confirm the report of an official referee, to vacate a judgment taken against him by default, and for other relief. Order reversed on the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The learned referee, who heard and saw the witnesses give their testimony, found and reported that the appellant had never been served with the summons, or with the summons and complaint. The order denying the motion is against the clear weight of the evidence, to be found in the facts adduced and in the inferences to be drawn therefrom. This is a case for the exercise of the court's undoubted discretion, apart from the limitation prescribed in section 108 of the Civil Practice Act, to relieve from its order or judgment in the interest of justice and to avoid a miscarriage thereof. (Matter of Marsh, 242 App. Div. 290; Cimpritz v. Borden's Farm Products Co., Inc., 240 id. 778.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.