EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, *v.* BERNARD MAIT et al., Respondents.

First Department, December 11, 1951.

*Eugene T. O'Neill* of counsel (*Nicholas A. Mescia* with him on the brief; *Leo D. Fitzgerald,* attorney), for appellant.

*Morris Aarons* of counsel (*Aarons & Salonger,* attorneys), for respondents.

PECK, P. J.   The complaint, in equity, has been dismissed on the grounds that it does not state a cause of action and that plaintiff has an adequate remedy at law.   Plaintiff appeals.

The action was brought for a declaration that an accident and health policy, issued by plaintiff in favor of defendant, had expired on February 17, 1949, and was without force or effect since that time. The action followed institution of a suit in the Municipal Court by defendant against plaintiff to recover disability benefits from August 1, 1950, to December 15, 1950. A general denial was interposed by the insurance company in that suit. The insurance company, plaintiff in the present action, moved to consolidate the two actions and defendant cross-moved to dismiss the complaint.

The issue tendered by the present action is whether the policy had expired by reason of the insured reaching sixty years of age prior to February 17, 1949. That was the termination date of the policy, according to its term stated in provision '' K '' of the policy in the following words: '' This policy is issued for the term of Twelve months to commence on the seventeenth day of February, 1922, beginning and ending at twelve o'clock noon, standard time, of the place where the Insured resides. This policy may be renewed by payment of the aforesaid premium in advance from term to term of Twelve months each, provided the Insured shall not have attained the age of sixty.''

Defendant contends that provision '' K '' is ineffective insofar as it purports to disallow renewals after the insured reached age sixty, because of its variance from the requirements of the Insurance Law (§ 107, subd. [d], cl. [5]; subd. [b], cl. [6]; L. 1913, ch. 155), as they stood at the time the policies were written (now Insurance Law, § 164).

Clause (5) of subdivision (d) of section 107 of the law provided that no such policy shall be issued which contains any provision '' relative to the age limits of the policy '' unless such provision shall be in the words set forth in the statute, with the blank spaces filled in as the insurer may elect, as follows: '' The insurance under this policy shall not cover any person under the age of          years nor over the age of          years. Any premium paid to the insurer for any period not covered by this policy will be returned upon request.''

Clause (6) of subdivision (b) of section 107 provided that no policy shall be issued unless '' the exceptions of the policy be printed with the same prominence as the benefits to which they apply.''

Defendant maintains that the termination on renewal of the policy is an '' age limitation of the policy '', interdicted by

noncompliance with the required wording for an age limitation, and that it is an '' exception '' to the benefits of the policy, rendered invalid by the size of its type, being slightly less than the type in which the benefits are described, although complying with the general type requirements of the law.

First, we think that the court at Special Term erred in holding that the plaintiff had an adequate remedy at law in the Municipal Court action. It is true that the grounds of the present complaint could have been interposed as a defense in the Municipal Court action, but that action might also have been defended on an issue of disability and might have been determined on that basis without a determination of the present issue. We think that plaintiff was entitled to raise, in the form of the present action, the issue of the termination date of the policy and have a determination of that issue as to the whole policy and for the future, without regard to the particular disability claim asserted in the Municipal Court action.

As to the merits of the controversy, we have reached the conclusion that provision '' K '' of the policy does not come within the contemplation of the sections of the Insurance Law cited by defendant and that the requirements thereof are not applicable to the provision in question.

We believe that the provision is not an age limitation of the policy and accept the view of plaintiff that the provision relates to the term and termination of the policy, which in accordance with clause (2) of subdivision (b) of section 107 of the Insurance Law must be stated in a portion of the policy preceding its execution by the insurer, but which is not otherwise prescribed in form or wording.

We would consider an age limitation of a policy, within the meaning of the section of the Insurance Law relied on by defendant, to be a limitation on coverage during the stated term of the policy. This is something different from the termination of a policy in accordance with the end of its stated term. An age limitation and a termination date are separate concepts and incidents as indicated by the separate provisions relating thereto in the Insurance Law.

Although noting that the purpose of the statute is to protect the policyholder from being misled, no claim is made by defendant, at least not so far, that he was unaware of the term of the policy or that he was misled in any way. And it is rather significant that in all the years that these policies have been in force that this appears to be the first claim of its kind.

Indeed, defendant in this case relies, for his claimed right of perpetual renewal, upon the very provision of the policy which he attacks. He does not seek, nor could he seek, to disregard the provision in the policy as to when it takes effect and terminates, but seeks to pick and choose from the provision what he likes and to discard what he does not like.

Defendant recognizes that all requirements of the law in respect to a termination provision have been met. His entire argument is that they have been completely met in the first sentence of provision " K " of the policy — "This policy is issued for the term of Twelve months to commence on the seventeenth day of February, 1922 beginning and ending at twelve o'clock noon, standard time, of the place where the Insured resides " — therefore, the second sentence is no part of a termination provision. The second sentence — " This policy may be renewed by payment of the aforesaid premium in advance from term to term of Twelve months each, provided the Insured shall not have attained the age of sixty " — is not rejected, however, but edited to keep the option to renew from term to term of twelve months each but to delete the terminal date on such renewals.

We think that such liberties cannot be taken with the policy. The whole of provision " K " is an integrated definition of the term of the policy and not a limitation on coverage during the term.

The same reasons are even more forceful against the claim of defendant that provision " K " is a violation of clause (6) of subdivision (b) of section 107 in that the " exception " is not printed with the same prominence as the benefits. An exception to a benefit is a qualification upon an existing policy and continuing benefits. A termination of a policy is not an exception. The provision in question, as we have said, is a part of the termination provision and not an exception to the benefits conferred.

Similarly, we think there is nothing in the provision misleading or inconsistent with the denomination of the policy as " non-cancellable ". A cancellation clause would be one which gave some option of cancellation to the insurance company during the specified term. (See Insurance Law, § 46, subd. 3, cl. [b].) " Non-cancellable " does not mean that the provisions in a policy for the term may be disregarded and that the policy will go on forever.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the cross motion to dismiss the complaint denied.

GLENNON, DORE, COHN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant and the cross motion to dismiss the complaint denied. Settle order on notice.