## (November 25, 1952.)

■

PHIL E. GILBERT, JR., Plaintiff, v. VILLAGE OF LARCHMONT, Defendant.— The parties to the question presented have filed, in the office of the Clerk of the County of Westchester, a statement of agreed facts of a controversy which is before this court under sections 546 to 548 of the Civil Practice Act. The controversy arose out of the issuance of a traffic summons by the Court of Special Sessions, Village of Larchmont, State of New York, to plaintiff, Phil E. Gilbert, Jr., and the filing of an information in said court, charging a violation of section 1002 of chapter X of the Revised General Ordinances of the Village of Larchmont. Upon the return of the summons and information, the plaintiff herein challenged the validity of the ordinance. His attorneys and the attorney for the village of Larchmont thereupon stipulated in open court to the submission of the question of invalidity of the ordinance to this court. The stipulation was approved by the Police Magistrate, who thereupon adjourned the hearing of the charged violation until such time as a final judgment might be rendered on said submission determining the validity of the ordinance. Submission dismissed, in the exercise of discretion (Rules Civ. Prac., rule 212), without costs to either party. There is at present pending, in the Court of Special Sessions, an action in which all questions presented on this submission may be decided by the Police Justice, who has, in the first instance, exclusive jurisdiction to hear and determine charges of violation of village ordinances. (Village Law, § 180.) The parties to that action are, to all intents and purposes, the same as the parties to this controversy. If the determination of that action shall be adverse to the plaintiff here, appeal will be taken, not to this court, but to the County Court (Code Crim. Pro., §§ 520, 749) and if a further appeal shall be allowed, it will be to the Court of Appeals (Code Crim. Pro., § 520). Although the Police Justice has reserved decision, pending our determination, and we do not doubt that he would respect it, he would not be obliged to do so, and our opinion as to the merits of the controversy would be merely advisory, insofar as the Court of Special Sessions is concerned, unless we should enjoin further proceedings by the Police Justice, which action we do not consider advisable or proper. (Cf. Reed v. Littleton, 275 N. Y. 150, 153, and Mills Novelty Co. v. Sunderman, 266 N. Y. 32.) The rule is well established that when another action between the same parties, in

which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction of the latter action. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304, 311.) The reason for the rule is obvious. It is conducive to economy and lack of friction between courts, saves labor and annoyance and leads to the orderly administration of justice. There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action. (*Erie Ry. Co.* v. *Ramsey,* 45 N. Y. 637; *Savage* v. *Allen,* 54 N. Y. 458; *Pond* v. *Harwood,* 139 N. Y. 111; *Colson* v. *Pelgram,* 259 N. Y. 370, 375.) In our opinion that rule must be applied in the instant case. Present — Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ.