RALPH H. DOUGHTY, Plaintiff, *v.* CHARLES G. DURYEE, Defendant.

Supreme Court, Special Term, Dutchess County, February 1, 1954.

*Herbert N. Palace* for plaintiff.

*Philip A. Levey* for defendant.

BAILEY, J.   Plaintiff maintains this action for a declaratory judgment adjudging that he is the absolute owner of the subject matter described in an assignment of defendant's remainder interest in the estate of his grandfather.

Defendant contends that the assignment originally made to one Audrey Naylor and subsequently assigned to plaintiff was given as collateral security for a loan and was not intended as an absolute transfer.   Defendant further contends that he executed additional assignments to parties not named in this action

all of which were given as collateral security for usurious loans and that plaintiff is not the real party in interest.

The Surrogate's Court of New York County has assumed jurisdiction of the estate and the trustee thereof has filed its petition and final account and has asked for instructions with respect to the distribution of the funds remaining in his hands including the property involved herein. All interested parties have been served with citation in the accounting proceeding wherein all conflicting claims to defendant's remainder interest may be resolved.

Defendant moves for summary judgment dismissing the complaint and plaintiff moves for judgment as demanded in the complaint and to strike out the answer.

The controversy herein is not limited to issues of law. Where it does not clearly appear that only questions of law are involved a proper case for a declaratory judgment is not presented and the parties are left to other remedies. (*Seventy-nine Delancey Corp.* v. *Meridan Holding Corp.,* 286 N. Y. 354, 357.)

Many persons who may be necessary parties to a proper and complete determination of all of the questions involved are not before this court whereas all the parties who have any interest in the distributive share of defendant are parties to the accounting proceeding in the Surrogate's Court and the fund itself is within the jurisdiction of that court. Where another proceeding in which all the issues may be determined is actually pending between the same parties it is an abuse of discretion to entertain jurisdiction of an action for a declaratory judgment. (*Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304, 311; *Gilbert* v. *Village of Larchmont,* 280 App. Div. 1000; *Rothenberg* v. *Kantor,* 109 N. Y. S. 2d 535.)

The action herein may not determine all the issues. Declaratory judgment is not available when the action will serve to increase litigation or will result in the trial of a controversy piecemeal. (*Smith* v. *Western Union Tel. Co.,* 276 App. Div. 210.)

The court should decide at the inception whether or not to assume jurisdiction of an action for a declaratory judgment and under the facts and circumstances herein such jurisdiction should not be assumed in this case. (*Wood* v. *Chenango Co. Nat. Bank & Trust Co.,* 282 App. Div. 283; *Latham & Co.* v. *Mayflower Industries,* 278 App. Div. 90.)

Defendant's motion is therefore granted and plaintiff's motion is denied.

Submit order accordingly.