SAMUEL SCHWARTZ, Respondent, v. MEYER FINE, Respondent, and CITY OF NEW YORK, Appellant.— In an action by plaintiff to recover damages for personal injuries and medical expenses, after trial by the court and a jury, judgment was entered in favor of plaintiff-respondent against appellant City of New York, and dismissing said appellant's cross complaint against defendant-respondent Fine. Judgment, insofar as appealed from, unanimously affirmed, with a separate bill of costs to each respondent. No opinion. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

HELEN SPOTA et al., Appellants, v. CITY OF NEW YORK, Respondent.— Plaintiffs appeal from an order which denied their motion to review a previous determination pursuant to subdivision (bb) of rule 2 of the Kings County Supreme Court Rules, which marked the action off the General Calendar and placed it on the Deferred Calendar. Order reversed, without costs, and motion to restore action to the General Calendar granted, without costs. In our opinion the proof presented was sufficient to entitle plaintiffs to the relief applied for. Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur.

■

DOUGLAS F. STORER, Respondent, v. DOUGLAS RIPLEY et al., Appellants. (Action No. 2.) — In an action for a judgment to declare void two notices requesting directors of a certain corporation to call special meetings of the stockholders, and for other relief, defendants appeal from two orders, one denying their motion to dismiss the complaint on the ground that there is another action pending between the same parties for the same cause, and the other granting plaintiff's motion for an injunction *pendente lite,* restraining defendants from proceeding with respect to such notices. Order denying motion to dismiss complaint reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs. Order granting motion for an injunction *pendente lite* reversed, without costs, and motion dismissed, with $10 costs. Jurisdiction of an action for a declaratory judgment should not be entertained when " another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement " of the action. (*Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304, 311; see, also, *Colson* v. *Pelgram,* 259 N. Y. 370; *Gilbert* v. *Village of Larchmont,* 280 App. Div. 1000; *Magnotta* v. *Parkway Fleetwood Bldg.,* 277 App. Div. 896, and *Freechas Realty Co.* v. *Hall,* 259 App. Div. 1022.) All the parties in this action are parties in the prior action, in which a declaratory judgment is sought concerning the same subject matter, the efficacy of the two notices. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

WOODSAM ASSOCIATES, INC., Respondent, v. HARRY A. REYNOLDS PHARMACY, INC., Appellant.— In an action to recover additional rent under a lease and for other relief, defendant appeals from a judgment in favor of plaintiff, rendered after trial before the court without a jury. Judgment unanimously affirmed, with costs. Error, if any, in the admission of certain evidence was not prejudicial. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.