Felix J. Aulisi, J.
This is an action for a declaratory judgment.
The plaintiff was convicted after a trial by a jury of the crimes of burglary in the third degree and grand larceny, second degree. Upon being sentenced for said crimes, the District Attorney filed an information against him charging him with being a multiple offender. Plaintiff was represented by counsel who, after hearing the information, stated “ We do not admit that the other two alleged felony convictions read by the district attorney are really felonies as provided in the statutes of the State of New York ”. Plaintiff was thereupon sentenced as a third felony offender. He appealed his case to the Appellate Division, Third Department and was successful in obtaining a reversal of the jury verdict and a new trial. The question of whether or not the plaintiff was a multiple offender was not raised or decided in the Appellate Division.
The plaintiff now asks for a declaratory judgment declaring that he is not a multiple offender within the meaning of the New York State statute.
It is my opinion that the complaint must be dismissed.
Under section 1943 of the Penal Law of the State of New York, if at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes, the District Attorney must file an information accusing that person of such previous convictions. This statute clearly states that this is done only after conviction or sentence and not at any other time before that. Therefore, the *182 question of whether or not the plaintiff is a third felony offender is not now at issue, has nothing to do with the crimes for which he has been indicted and now being held for trial and may never become an issue. With no justiciable issue before the court, this action is prematurely presented. Answering it now is in effect exercising a non- or extra-jndicial function. The dispute must be a present one determinable on existing law and facts. The remedy is not available where the dispute is contingent on the happening of some future event which may never take place and where the controversy is not actual or present but merely possible or remote (Pratt v. La Guardia, 182 Misc. 462, affd. 268 App. Div. 973).
Aside from the above, the gist of the complaint in this action clearly demonstrates that this is an action against the People of the State of New York and the People are the real parties in interest here, not the District Attorney.
The most consistently followed rule with respect to the effect of another remedy on the right to maintain a declaratory judgment action is that when another action between the same parties in which all issues could be determined is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction of the declaratory judgment action (Woollard v. Schaffer Stores Co., 272 N. Y. 304) and where a complaint discloses a pending action it is insufficient where it does not allege that the issues could not be determined in such action (Freechas Realty Co. v. Hall, 259 App. Div. 1022).
An order may be submitted dismissing the complaint, without costs.