Francis J. Donovan, J.
This is an action in replevin brought to recover $1,000 in currency alleged to have been taken from the plaintiff at the time of his arrest on a gambling charge. The criminal trial terminated in a conviction, but it is alleged in the complaint that the People failed to prove that the currency was the proceeds of gambling activities.
The motion now before the court is made by the District Attorney, appearing as the attorney for all the named defendants. The defendants, other than the District Attorney himself, are the Commissioner of Police of the County of Nassau, a member of the Nassau County Police Department and the County of Nassau itself. He seeks to strike out several allegations of the complaint on the ground that they are either unnecessary or are conclusions of law.
Neither the attorney for the plaintiff nor the attorney for the defendant has called attention to the real deficiencies in this litigation.
The proof of service of the complaint filed pursuant to section 14 of the Nassau County District Court Act fails to show service of a copy of the complaint on either the County Executive or the County Attorney of Nassau County. The procedure for service of process in actions and proceedings against the County of Nassau for any of its officers is provided in section 11-4.0 of the Nassau County Administrative Code. Section 228 of the Civil Practice Act provides for such service in the case of counties in general. There may be a problem as to which of these acts takes precedence in the event there should be some conflict between them, but both acts provide for service of a copy of the summons upon the County Attorney. Since the proofs filed with this court fail to show such service, the court is without jurisdiction and the complaint is dismissed on the court’s own motion.
Since the action may be reinstituted by proper service, it is well to point out a further defect in this litigation. The District Attorney has appeared for himself and all other defendants. Ordinarily, the court does not on its own motion question the authority of an attorney to appear for a party. And a party— as the District Attorney is here — may ordinarily appear for himself without counsel. However, we are now dealing with public officers and municipal corporations whose powers and *1043 duties are spelled out specifically by statute. The court would be remiss if it failed to correct a violation of statute in its proceedings at the earliest possible moment, so as to avoid delay and miscarriage of justice at a later stage.
Section 1102 of the County Government Law of Nassau County provides that “ The county attorney shall represent the county and all departments, offices, institutions and agencies thereof, in all litigation ”. The District Attorney is, therefore, without authority to represent the Commissioner of Police, a member of the County Police Department and the County of Nassau itself.
There remains for consideration solely the right of the District Attorney to appear for himself as a party to the action.
The District Attorney is elected within the county, discharges his functions within the county and is paid by the county. He is, therefore, a local officer as distinguished from a State officer, as those terms are defined in section 2 of the Public Officers Law. (Matter of Pardee, 259 App. Div. 101.) In this sense, he would seem to resemble a county officer. However, every local officer is not a county officer. This is apparent from the decision of the Court of Appeals in Schieffelin v. Komfort (212 N. Y. 520, 528) quoting Matter of Reynolds (202 N. Y. 430, 440-441) wherein it was held that the defendants, constituting a city board of elections, were “ ‘ doubtless * * * local officers ’ ”, but no
relationship of principal and agent or master and servant existed between them and the city. From this it would follow that the County Attorney might not be the exclusive attorney to appear and represent the District Attorney in litigation involving the official acts of the District Attorney.
Sections 409 and 501 of the County Law — reserving for the end of this opinion a discussion of their application to the County of Nassau — set up a more practical test to determine which officers shall be represented by the County Attorney.
In the recodification of the County Law in 1950, the framers of the statute, appreciating the difficulty of determining whether a particular officer is a State officer, a local officer or a county officer, eliminated these distinctions in several sections. In place of the term “ county officer,” the term “ officer whose compensation is paid from county funds ” was substituted (§§ 201, 205, 409, 501). The use of such language made the question of county officer versus State officer academic. The District Attorney is an officer whose compensation is paid from county funds. Therefore, whether he be a county, State or local officer becomes immaterial. By section 501, the County Attorney is charged with the duty of defending all civil actions and pro *1044 ceedings brought against the District Attorney for any official act.
It now remains to determine whether sections 409 and 501 of the County Law apply to Nassau County. There are differences between article XI of the County Government Law of Nassau County and the provisions of the County Law in relation to the powers and duties of the County Attorney. The special construction clauses of the County Law generally prevent application of the provisions of the County Law where they are inconsistent or affect the provisions of the County Government Law of Nassau County unless specific reference is made showing an intent that the County Law provision shall prevail over the alternative form of county government. I find no such specific reference in the County Law relating to sections 409 and 501.
However, I do note that section 1102 of the County Government Law of Nassau County, after providing certain specific powers and duties for the County Attorney, continues with the clause: “ and have such other powers and duties, not inconsistent with the terms of this act, as are now, or may hereafter be, conferred or imposed by law or ordinance.”
While the provisions of sections 409 and 501 of the County Law might be deemed to affect, impair or supersede the provisions of the County Government Law of Nassau County dealing with the County Attorney’s powers and duties (cf. County Law, § 101), nevertheless, the two statutes are not inconsistent as that term is used in statutory construction. Statutes are only inconsistent where both cannot be given effect (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 221). Section 1102 of the County Government Law of Nassau County, insofar as material, provides that the County Attorney shall represent officers of the county, whereas section 501 of the County Law requires the County Attorney to represent, in addition, all officers whose compensation is paid from county funds. Both acts can be given effect. The second merely imposes a broader duty not inconsistent with the more limited duty imposed by the County Government Law of Nassau County. It is, therefore, my opinion that sections 409 and 501 of the County Law apply to the County of Nassau.
It, therefore, follows that the complaint must be dismissed for lack of jurisdiction, and all papers, including the answer served and filed by the District Attorney purporting to act as counsel for himself and the other defendants must be stricken. (Cf. Aberdeen Bindery v. Eastern States Print. & Pub. Corp., 166 Misc. 904.)