■ MORSE ELECTRO PRODUCTS CORP., Respondent, v. BLUE RIBBON EXPRESS, INC., Appellant.— Order, Supreme Court, New York County, entered May 21, 1973, granting plaintiff's motion for summary judgment and denying defendant's cross motion, unanimously modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff sues to recover alleged overcharges by defendant, an interstate motor freight carrier. If the case is properly within the jurisdiction of the court, the conflicting informal letter opinions of the Interstate Commerce Commission and the National Classification Board of the Motor Carrier Industry, relied upon by the plaintiff and defendant respectively, suggest the presence of issues requiring trial. (*Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404.) In its reply brief to this court, and apparently for the first time, appellant asserts that the Interstate Commerce Commission has exclusive primary jurisdiction of this dispute and asks that the action be stayed pending a formal hearing before the Interstate Commerce Commission. Plaintiff has had no opportunity to reply to this contention and we shall not undertake to pass on its merit of timeliness (but, see, *United States* v. *Western Pacific R. R. Co.*, 352 U. S. 59; U. S. Code, tit. 49, § 16, subd. [3]). Either party may apply to Special Term for such relief as it deems proper in the premises. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Macken, JJ.

■ CANADIAN IMPERIAL BANK OF COMMERCE, Respondent-Appellant, v. CANADA LIFE ASSURANCE COMPANY, Appellant-Respondent; ROYAL NATIONAL BANK OF NEW YORK, Appellant; FIRST NATIONAL CITY BANK, Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered on July 20, 1973, denying a motion to dismiss the complaint and other relief, unanimously modified, on the law and in the court's discretion, so as to grant the motion of defendant the Canada Life Assurance Company, and to dismiss the complaint as to said defendant only, with $60 costs and disbursements to the Canada Life Assurance Company against Canadian Imperial Bank of Commerce and, as thus modified, the order is in all other respects affirmed, without costs and without disbursements. Prior to the commencement of this action for a declaratory judgment there was another action pending in the Supreme Court of Ontario, Canada which raises, and when tried will dispose of, all the factual and legal issues in dispute between plaintiff, Canadian Imperial Bank of Commerce and defendant the Canada Life Assurance Company. Under the circumstances it was an improvident exercise of discretion for Special Term to retain jurisdiction and we reverse and dismiss the complaint against Canada Life. (*Reynolds Metals Co.* v. *Speciner*, 6 A D 2d 863; *Storer* v. *Ripley*, 283 App. Div. 973; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304.) Concur — Markewich, J. P., Nunez, Murphy and Steuer, JJ.