OPINION OF THE COURT
Eli Wager, J.
May the Suffolk County Legislature by local law delegate to the District Attorney jurisdiction and duties in excess of those prescribed in the County Law? These are the ultimate issues raised in this declaratory judgment action which the defendants (collectively the County) seek to dismiss or stay (by motion denominated a cross motion) on the ground that another action is pending between the parties, or, in the alternative, to dismiss for failure to state a cause of action or for failure to join necessary parties. In the alternative, the County seeks a preanswer summary judgment pursuant to CPLR 3211 (subd [c]) (which is also the relief apparently sought by the plaintiffs whose order to show cause demands precisely the same relief sought in the complaint).
The matter is before the court a second time pursuant to plaintiffs’ motion to reargue or renew the County’s motion which was granted by order dated June 30, 1981 to the extent of staying the action pending determination of a motion to disqualify the District Attorney as attorney for the County in a civil action brought against the instant plaintiffs and others in the Federal District Court. The court reasoned that the District Court’s disposition of the motion could render moot the issues raised in this action. However, since it now appears that the Federal District Court has adjourned that action (and the motion) pending the conclusion of criminal actions against some of the defendants in that action (other than the instant plaintiffs), a reconsideration seems appropriate. Thus, the motion to reargue is granted and upon reargument, the motion and cross motion are determined as follows:
THE LOCAL LAW
The corporate plaintiff, a contractor which has been awarded various contracts by the County of Suffolk in connection with the construction of a County project *654 known as the Southwest Sewer District, No. 3, and the individual plaintiff who is the corporation president, seek a judgment declaring the invalidity of Local Law No. 8-1981 of the County of Suffolk which, as enacted by the Suffolk County Legislature on January 27, 1981, reads as follows:
“a local law to empower the district attorney to PROSECUTE AND DEFEND CERTAIN CIVIL ACTIONS BROUGHT BY OR AGAINST THE COUNTY PURSUANT TO 18 U.S.C. 1961, et Seq. OF THE ORGANIZED CRIME CONTROL ACT OF 1970, ALSO KNOWN AS THE RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT, AND UNDER THE STATE, FEDERAL, COMMON AND STATUTORY LAW
“BE IT ENACTED BY THE COUNTY LEGISLATURE OF THE COUNTY OF SUFFOLK, as follows:
“Section 1. Legislative Findings. This Legislature finds that the District Attorney of Suffolk County has engaged in complex criminal prosecutions and investigations of the planning, financing and construction of the public works project known as the Suffolk County Southwest Sewer District No. 3.
“Section 2. Powers and Duties. In consequence of the foregoing, the District Attorney shall have the power, authority and duty to act as attorney and counselor for the County and its agencies, districts and offices in all civil proceedings and matters relating, directly or indirectly, to the institution of civil actions to compensate or remedy any injuries committed against the County and its agencies, districts and offices in connection with the planning, financing and construction of the Suffolk County public works project known as the Southwest Sewer District No. 3. He shall have sole power and authority to bring, defend, settle and compromise any and all civil complaints, causes of action, counterclaims and cross-claims in any jurisdiction, court or forum he shall deem appropriate, pursuant to Title 18 U.S.C., Section 1961, et seq., state and federal, common and statutory law, under principles of pendant and ancillary jurisdiction, against any individual, entity or corporation in the name of the County of Suffolk and its agencies, districts and offices. He shall also be authorized to retain and pay as a charge on the County such experts *655 and consultants as he may deem advisable in connection with this matter.
“Section 3. This local law shall take effect immediately.”
It appears that two Grand Juries were impaneled to investigate the sewer project, one in 1979 and a second in 1980, and that no criminal indictments were issued except for three perjury indictments against individuals other than the instant plaintiff, who was subpoenaed to appear before the 1980 Grand Jury but was excused when he refused to waive his right to immunity. Immediately following the enactment of Local Law No. 8-1981 the County, represented by the District Attorney, commenced a civil action against the plaintiffs and others in the Federal District Court and obtained an ex parte order in the County Court of Suffolk County authorizing him to utilize the minutes of the Grand Jury investigations. The ex parte order was subsequently stayed pending completion of the criminal proceedings.
PENDENCY OF ANOTHER ACTION AS A GROUND FOR DISMISSAL OR A STAY
The County’s complaint in the Federal District Court alleges three causes of action: (1) a civil action seeking treble damages pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO; US Code, tit 18, § 1964, subd [c]); (2) a common-law tort action for fraud; and (3) an action for damages for breach of a fiduciary duty. The defendants in that action (including the instant plaintiffs) moved to disqualify the District Attorney upon the ground that the District Attorney’s “role as a grand jury advisor and prosecutor in pending criminal matters precludes him from assuming the dual role of civil litigator in this matter,” that the complaint in the RICO action “reveals purported factual details that came into his possession solely by virtue of his participation in the several grand jury investigations,” that Grand Jury testimony and material are entitled to secrecy under New York law, and that as a result of the District Attorney’s improper conduct the defendants (in the RICO action) are “confronted with plaintiffs’ counsel who are armed with materials and information to which a normal civil litigant would not be entitled.”
*656 In the instant action, the gravamen of the complaint is that Local Law No. 8-1981 is invalid because “it is in excess of any delegated power reposed in the County of Suffolk under County Law and the Suffolk County Charter and results in the illegal transfer of civil litigation duties from the County Attorney’s office to the office of the District Attorney.”
As a general rule, a court should not entertain an action for declaratory judgment where there is no necessity for doing so (Elmsford Props. Corp. v Daitch Crystal Dairies, 13 AD2d 1026; Bartley v Walentas, 78 AD2d 310; Todd v Board of Educ., 272 App Div 618, affd 297 NY 873). Specifically, it is an abuse of discretion to entertain jurisdiction when another action is pending in which all factual and legal issues can be determined (Woollard v Schaffer Stores Co., 272 NY 304; Colson v Pelgram, 259 NY 370; Canadian Imperial Bank of Commerce v Canada Life Assur. Co., 43 AD2d 920, app dsmd 34 NY2d 959; Reynolds Metals Co. v Speciner, 6 AD2d 863, mot for lv to rearg den 6 AD2d 1006; Storer v Ripley, 283 App Div 973; Gilbert v Village of Larchmont, 280 App Div 1000) or where other full and adequate remedies exist (Neuburger v Lubell, 257 NY 383; James v Alderton Dock Yards, 256 NY 298). However, the mere pendency of another action or the existence of another remedy without more is no basis for refusal. A declaratory judgment may not be refused because of the pendency of another suit if the controversy will not necessarily be determined in such suit (26 CJS, Declaratory Judgments, § 22, p 91) or if all legal and factual issues cannot be determined there (cf. Canadian Imperial Bank of Commerce v Canada Life Assur. Co., supra) and a declaratory judgment action may be maintained notwithstanding the availability of another remedy where such remedy is not as adequate or effective (see, e.g., Rockland Light & Power Co. v City of New York, 289 NY 45; New York Foreign Trade Zone Operators v State Liq. Auth., 285 NY 272; Kalman v Shubert, 270 NY 375; Equitable Life Assur. Soc. of U. S. v Mait, 279 App Div 194; Kirn v Noyes, 262 App Div 581, mot for lv to app den 263 App Div 905).
As a comparison of the complaint in this action with the complaint in the RICO action and the grounds stated as the *657 basis for the motion to disqualify indicates, the issues are dissimilar: the validity of Local Law No. 8-1981 is simply not at issue in the Federal court. Although an order disqualifying the District Attorney in the Federal court would indeed moot the issue raised here as far as that action is concerned, it might well not be given res judicata effect in other civil actions instituted by the County, actions which could in any event be commenced prior in time to a disposition of the disqualification motion which, as noted, has been adjourned sine die. Furthermore, if the motion to disqualify were denied, the issues raised here would not be moot. Thus, it appears that all legal and factual issues will not be determined in the pending action and that the remedy sought there is not as adequate or effective as that sought here.
Although the County contends that plaintiffs should have requested the relief sought here in the Federal court, a counterclaim seeking such a declaration might not have met with much success: the construction of a State statute is deemed by the Federal courts an issue for the State courts since the question of legislative intent does not present a Federal constitutional question (Baker v McGinnis, 286 F Supp 280) and the Federal courts will exercise ancillary jurisdiction only where the ancillary claim is logically related, in terms of factual and legal issues presented, to the main action (see Federman v Empire Fire & Mar. Ins. Co., 597 F2d 798; Grimes v Chrysler Motors Corp., 565 F2d 841; Kleban Eng. Corp. v Caldwell, 490 F2d 800).
Accordingly, upon reconsideration and renewal, that branch of the defendants’ motion for an order dismissing the complaint upon the ground that there is another action pending for the same relief is denied and the branch seeking in the alternative a stay of this action pending a determination of the motion to disqualify by the District Court is also denied.
FAILURE TO JOIN NECESSARY PARTIES AS A GROUND FOR DISMISSAL
The persons who assertedly should be joined are the other defendants in the RICO action. Although those defendants could have been joined as plaintiffs (CPLR 1002), *658 they are not indispensable parties pursuant to CPLR 1001 which is limited in its application to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties (Matter of Castaways Motel v Schuyler, 24 NY2d 120). While the missing defendants’ interest will be affected by a judgment in this action, they will not be “inequitably” or “adversely” affected (Matter of Castaways Motel v Schuyler, supra; Matter of Spinney Hill Collision v Caso, 56 AD2d 655). Their interests can be adequately protected by the instant plaintiffs (Auto Body Federation of Empire State v Lewis, 80 AD2d 593; Matter of Greaney v Poston, 50 AD2d 653; Matter of Sandor v Nyquist, 45 AD2d 122) and it is sufficient that this action has been initiated by persons who themselves are directly involved (see Challette, Inc. v Town of Brookhaven, 43 Misc 2d 264).
The motion to dismiss for failure to join necessary parties, is, therefore, denied.
FAILURE TO STATE A CAUSE OF ACTION
Defendants predicate their contention that the complaint fails to state á cause of action upon the allegation that no justiciable controversy exists as required by CPLR 3001. They assert, inter alia, that no justiciable controversy exists because the pending RICO action will continue, even if the Local Law is declared invalid, with slight alterations, i.e., the name of the District Attorney will be removed from the complaint and the two Assistant District Attorneys currently assigned to the case will be designated Assistant County Attorneys, in apparent reliance upon section 502 of the County Law which authorizes a County Attorney to “appoint one or more assistant county attorneys” when authorized by the board of supervisors and upon an amendment to the County Charter which permits the appointment by the County Attorney of deputies (other than a chief deputy), assistants, officers and employees when authorized by the County legislature and special counsel “within appropriations therefor and when authorized by the county executive.” It is not asserted that the County legislature authorized the appointments proposed by the defendants or that appropriations therefor have been made. In Suffolk County, it appears that the creation *659 or abolition of a position constitutes a budget modification pursuant to the charter and that the charter provides a mechanism for budget modification (see Matter of Henry v Noto, 74 AD2d 604, mod and affd 50 NY2d 816). At all events, the suggestion that implementation of such an evasive tactic (which under the circumstance would appear to violate the spirit of Judiciary Law, § 492 [relating to the use of an attorney’s name by another]) could render the controversy unjusticiable begs the question — which as framed in the complaint turns on the issue of the County legislature’s power to enlarge the scope of the District Attorney’s statutorily prescribed jurisdiction and duties.
The component parts of a justiciable controversy are a legally protected interest and a present controversy {Board of Coop. Educational Serv., Sole Supervisory Dist., Nassau County v Goldin, 38 AD2d 267). A person who shows that he will be directly affected by enforcement of a statute establishes the existence of a legally protectible interest in the subject matter of the litigation (Ann., 174 ALR 549) and a real and present controversy exists when the defendant is in a position to place the plaintiff’s rights in jeopardy (Board of Coop. Educational Serv., Sole Supervisory Dist., Nassau County v Goldin, supra). Furthermore, as a general rule, disputes as to the jurisdiction or authority of public officials over a particular subject when brought up in a practical case should be regarded as fundamentally justiciable (Borchard, Declaratory Judgments [2d ed], p 777). The conclusion is impelled that the motion to dismiss for failure to state a cause of action must be denied.
THE MOTIONS FOR SUMMARY JUDGMENT
As a political subdivision of the State, Suffolk County exercises those powers delegated to it by the New York State Constitution, the Municipal Home Rule Law and the County Law (Koenig v Moran, 56 AD2d 254, revd as moot 43 NY2d 737). Article IX (§ 2, subd [c]) of the New York Constitution provides in pertinent part:
“(c) In addition to powers granted in the statute of local governments or in any other law, (i) every local government shall have power to adopt and amend local laws not *660 inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
“(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees”.
Subdivision 1 of section 10 of the Municipal Home Rule Law, “General powers of local governments to adopt and amend local laws” states in part:
“1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
“(i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government and,
“(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
“a. A county, city, town or village:
'“(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees, * * * This provision shall include but not be limited to the creation or discontinuance of departments of its government and the prescription or modification of their powers and duties.”
*661 Towns and villages may by local law supercede provisions of the Town Law and Village Law respectively unless such local law shall be expressly prohibited by the Legislature (Municipal Home Rule Law, § 10, subd 1, par [ii], cl d, subcl [3]; cl e, subcl [3]) and section 2 of the County Law provides in pertinent part that its provisions insofar as they are “in conflict with any local law heretofore or hereafter adopted by a county under an optional or alternative form * * * shall not be applicable to the county, unless a contrary intent is expressly stated in this chapter” (see, e.g., Devitt v Heimbach, 109 Misc 2d 463). Section 2 of the County Law is applicable to Suffolk County (Henry v Noto, supra).
Although the District Attorney is a constitutional officer chosen by the electors of a county (NY Const, art XIII, § 13), the duties of the office (which cannot be delegated to another without legislative authority [.People vDi Falco, 44 NY2d 482]) are prescribed by statute rather than by the New York State Constitution (Matter of Turecamo Contr. Co., 260 App Div 253, mot for lv to app den 259 App Div 1094). The District Attorney- has no common-law duties but only such as are imposed upon him by statute (People v Neff, 191 NY 286; People v Corning, 2 NY 1). The duties of the office as set forth in subdivision 1 of section 700 of the County Law include the duty “to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed”. It is further provided that: “He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors.”
“Additional and related duties”, including the duty of acting in certain related civil matters, have been prescribed by the State Legislature, e.g.,
(a) CPLR 6330 — civil injunctive powers with respect to enjoining the dissemination of obscene materials.
(b) Section 2320 et seq. of the Public Health Law — civil injunctive power with respect to enjoining the operator of a house of prostitution coupled with powers of forfeiture with reference to property found within that locale.
*662 (c) Subdivisions 2 and 3 of section 700 of the County Law; CPL 420.10 (subd 5); CPLR 7201 (subd [a]) — civil authority to collect fines, penalties and forfeitures.
(d) CPL 540.10 (subds 2, 3) — civil authority with reference to bail forfeiture.
(e) Section 3388 of the Public Health Law — civil jurisdiction with reference to car forfeitures.
(f) Section 477-a of the Tax Law — civil jurisdiction with reference to motor vehicle forfeiture where said vehicle is used in the transportation of contraband.
(g) Section 235 of the Tax Law — civil jurisdiction to collect delinquent estate taxes.
(h) Section 11 of the Indian Law — civil jurisdiction to bring action against non-Indian trespassers.
To the extent that Local Law No. 8-1981 imposes “additional” duties “related” to those prescribed in the County Law (and other general laws) it appears not to be inconsistent. However, Local Law No. 8-1981 is in conflict with that portion of subdivision 1 of section 700 of the County Law, which provides that additional and related duties be “prescribed by law and directed by the board of supervisors.” “A ‘law’ is a rule of civil conduct prescribed by the law-making power of the State (1 Kent Comm. p. 447). Expressions such as ‘required by law,’ ‘regulated by law,’ ‘allowed by law,’ ‘made by law,’ ‘limited by law,’ ‘as prescribed by law,’ ‘created by law’ and ‘a law of the state,’ as used in the statutes refer exclusively to the statute law of the State (Brinckerhoff v. Bostwick, 99 N. Y. 185, 190) unless, by the purposes of the statute where the words are used, a broader signification is required (People v. Clark, 242 N. Y. 313, 327)” (Board of Educ. v Town of Greenburgh, 277 NY 193, 195; see, also, Frans Pets v Aggen, 111 Misc 2d 112; People v Santa Clara Lbr. Co., 55 Misc 507). The use of the conjunctive “and” rather than the disjunctive in the phrase “by law and directed by the board of supervisors” suggests that the legislative intent was to preclude action by a board of supervisors (or a county legislature) in the absence of State legislation.
Indeed, the nature .of the office of District Attorney itself impels the conclusion that the State has precluded or pre *663 empted the possibility of local regulation relating to the duties of the office.
Until early in the 19th century “the prosecution of crime in this State was a duty of the Attorney-General, somewhat like the English system, and at that time the State was divided into districts in each of which there was a prosecutor” (Fisher v State of New York, 10 NY2d 60, 62). The title of “district attorney” first appears in the Act of 1801 (L 1801, ch 146) which created the office in New York City and Suffolk and Westchester Counties (Sixth Report of the Temporary State Commission to Study, Codify, Revise and Make Uniform, so far as Practicable, Existing Laws Relating to Counties, Legis Doc 1950, No. 48). The District Attorney was charged with the duties formerly imposed upon the Assistant Attorney-General in the Act of 1801 and later in the Act of 1818 (L 1818, ch 283). The latter act provided for the appointment by the Governor of a District Attorney in each county (People v Fuller, 156 Misc 404). In 1921, the power of appointment was given to the County Courts and the Constitution of 1846 provided for the election of District Attorneys by the electors of the respective counties (People v Fuller, supra). Because the District Attorney was classified by statute as a judicial officer he was regarded as a State officer (see Fellows v Mayor of City of N. Y., 8 Hun 484; People ex rel. Lyon v Nicoll, 32 NYS 279) at least until 1892 when the Legislature classified public officers as either “state officers” or “local officers,” local officers being those chosen by the electors of a portion only of the State (L 1892, ch 681, § 2). However, in spite of this classification (which persists today in Public Officers Law, § 2), the District Attorney continued and continues to be viewed for some purposes as a State officer performing a State function. Thus, in People v Fuller (supra) the District Attorney was held not to be subject to municipal regulation with respect to his power to appoint and fix the salary of assistants upon the ground that he is a constitutional State officer, even though classified as a local officer by virtue of the manner in which he is elected. For purposes of Federal statutes providing for injunctions against State officers enforcing State statutes on the ground of unconstitutionality, he is deemed to be *664 part of the State’s judicial system performing distinctive State functions within his county (Spielman Motor Sales Co. v Dodge, 295 US 89; see, also, Bankhead v Cowin, 405 F Supp 326). Although the State cannot be cast in damages for his torts because of his classification as a local officer (Fisher v State of New York, supra; Whitmore v State of New York, 55 AD2d 745; Ritter v State of New York, 283 App Div 833) a municipality is not responsible for his acts either since as a quasi-judicial officer he is immune (Lee v City of Mount Vernon, 49 NY2d 1041; Whitmore v City of New York, 80 AD2d 638). Thus, in spite of the statutory classification, a District Attorney is not an officer or employee of the municipality (Zimmerman v City of New York, 52 Misc 2d 797) but is instead a quasi-judicial officer acting for the State in criminal matters (Manceri v City of New York, 12 AD2d 895; Matter of Prentice v Gulotta, 13 Misc 2d 280; Matter of McDonald v Goldstein, 191 Misc 863, affd 273 App Div 649).
That the District Attorney retains some measure of his previous status as a State officer, in spite of the enactment of section 2 of the Public Officers Law to the extent of being deemed a part of the State’s judicial system performing distinctive State functions within his county {Spielman Motor Sales Co. v Dodge, supra) is evidenced by the fact that provisions for his compensation are contained in a general law (see, e.g., Judiciary Law, § 183-a; County Law, § 700, subd 9), his election (by the electors in his coünty) and his removal (by the Governor) are provided for in the Constitution (NY Const, art XIII, § 13, subd [a]) and even the hours of work are regulated to some extent by general law (County Law, § 700, subd 8). The provisions for election and removal contained in the Constitution would standing alone appear to indicate that District Attorneys are not to be deemed county “officers or employees” (see Zimmerman v City of New York, supra) as that term is used in section 10 (subd 1, par [ii], cl a, subcl [1]) of the Municipal Home Rule Law, and in article IX (§ 2, subd [c]) of the New York Constitution, since those provisions authorize local laws which, inter alia, regulate both the mode of selection and removal of such persons and it is not urged that a local law may be inconsistent with the Constitution.
*665 Home rule is simply not implicated when the Legislature acts in areas “other than the property, affairs or government of a local government”; under the limited meaning of this phrase, legislation of State import does not impinge upon municipal home rule simply because it touches matters that concern municipal affairs or property (see Uniformed Firefighters Assn. v City of New York, 50 NY2d 85; Whalen v Wagner, 4 NY2d 575; cf. Matter of Capareo v Kaplan, 20 AD2d 212). Since the office of District Attorney is so clearly a matter of State concern, it appears that local legislation affecting the office may be deemed valid pursuant to article IX of the New York State Constitution and section 10 of the Municipal Home Rule Law only if the State Legislature has not restricted the adoption of such legislation. The notion that the provision in subdivision 1 of section 700 of the County Law providing for the imposition of additional duties as “prescribed by law and directed by the board of supervisors” must be deemed such a restriction is reinforced by the fact that the State Legislature has adopted so many “laws” imposing such additional duties. The plethora of such provisions suggests that the preemption doctrine precluding local legislation in subject areas marked by a pervasive scheme of State legislation (see Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679; People vJudiz, 38 NY2d 529; People v Cook, 34 NY2d 100) may also be applicable.
This conclusion renders it unnecessary to reach the plaintiffs other contentions, although there appears to be some merit in the argument that since the Suffolk County Charter imposes upon the County Attorney the duty of prosecuting and defending “all civil actions brought by or against the County,” Local Law No. 8-1981 constitutes an amendment thereof in a manner contrary to the charter’s provisions for amendments (see Municipal Home Rule Law, § 11, subd 2, par a).
Plaintiffs are entitled to a judgment declaring Local Law No. 8-1981 invalid upon the ground that its enactment was beyond the power of the Suffolk County Legislature.
Settle order granting plaintiffs’ motion to reargue, denying defendants’ motion to dismiss and granting summary judgment declaring the rights of the parties in accordance *666 with this opinion. The order may provide for an injunction restraining the District Attorney and Assistant District Attorneys or other employees and agents of or consultants to the District Attorney’s office from proceeding as the legal representative of the County pursuant to Local Law No. 8-1981.