OPINION OF THE COURT
Peter C. Patsalos, J.
The court finds under the circumstances of this case that the District Attorney’s motion for the appointment of a Special Prosecutor pursuant to section 701 of the County Law should be granted and hereby orders the same.
The defendant in this case is a former employee of the Dutchess County District Attorney’s office, who in the past had worked with the current District Attorney, as well as with a number of his assistants. The District Attorney of Dutchess County, William V. Grady, properly brought this motion because of perceived conflicts, and in order to avoid the appearance of impropriety as required by the Code of Professional Responsibility.
The court takes judicial notice of the fact that the Dutchess County Legislature has passed a resolution requesting the appointment by the court of the Dutchess County Attorney as Special Prosecutor citing the cost factor to the taxpayers of the county in the appointment of a Special Prosecutor. They propose the County Attorney prosecute the criminal case.
The court, in arriving at its decision, has therefore reviewed the pertinent statutes and case law in the appointment of a Special Prosecutor.
*583 Section 501 of the County Law in part specifies the duties of the County Attorney: Subdivision 1 of section 501 — The County Attorney shall be the legal advisor to the board of supervisors (county legislature) and every officer whose compensation is paid from county funds in all matters involving an official act of a civil nature. The County Attorney shall prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors (county legislature) and any officer whose compensation is paid from county funds for any official act, except as otherwise provided by this chapter or other law.
Section 700 of the County Law specifies the duties of the District Attorney of each county. Section 700 states in part “It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed”. (County Law, § 700, subd 1.)
Section 701 of the County Law, Special District Attorney, states in part: “Whenever the district attorney of any county and his assistant * * * is disqualified from acting in a particular case to discharge his duties at any such term, the court may, by an order entered in its minutes, appoint some attorney at law residing in the county, to act as special district attorney during the * * * disqualification of the district attorney and his assistant * * * The special district attorney so appointed shall possess the powers and discharge the duties of the district attorney during the period for which he shall be appointed. The board of supervisors [county legislature] of the county shall pay the necessary disbursements of, and a reasonable compensation for, the services of the person so appointed and acting, as certified by the presiding judge or justice.”
It should be noted at the outset that there seems to be no precedent case law or statutes which directly allow or disallow the appointment of the County Attorney as a Special Prosecutor in criminal cases. It should be noted, nevertheless, that the statute which created both positions, County Attorney and District Attorney, delineated specific duties for each and more importantly, the Legislature in creating separate entities, was cognizant of the apparent differences between the two positions and their duties and functions to be performed by each.
*584 It should be noted that should the District Attorney of any county be sued civilly, it is the County Attorney of that county who has the statutory duty to defend the District Attorney. Under the law, except for a few specific instances, the District Attorney exercises no civil jurisdiction and thus cannot defend himself in a civil suit.
In Davis Constr. Corp. v County of Suffolk (112 Misc 2d 652), it was determined that a local law designed to empower the District Attorney of that county to prosecute and defend certain civil actions brought by or against the county was invalid on the ground that its enactment was beyond the powers of the county legislature.
This case decided that “[ajlthough the District Attorney is a constitutional officer chosen by the electors of a county (NY Const, art XIII, § 13), the duties of the office (which cannot be delegated to another without legislative authority [People v Di Falco, 44 NY2d 482]) are prescribed by statute rather than by the New York State Constitution”. (Davis Constr. Corp. v County of Suffolk, supra, p 661.)
Home rule is simply not implicated when the Legislature acts in areas “other than the property, affairs, or government of a local government”; under the limited meaning of this phrase, legislation of State import does not infringe upon municipal home rules simply because it touches matters that concern municipal affairs or property.
Since the office of the District Attorney is so clearly a matter of State concern, it appears that local legislation affecting the office may be deemed valid pursuant to article IX of the New York Constitution and section 10 of the Municipal Home Rule Law only if the State Legislature has not restricted the adoption of such legislation. The notion that the provision in subdivision 1 of section 700 of the County Law providing for the imposition of additional duties as “prescribed by law and directed by the board of supervisors” must be deemed such a restriction is reinforced by the fact that the State Legislature has adopted so many “laws” imposing such additional duties. The plethora of such provisions suggests that the preemption doctrine precluding local legislation in subject areas marked by a pervasive scheme of State legislation may also be applicable.
*585 It is a basic rule of statutory construction that “[a], court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74.)
Furthermore, in construing a statute, in this case the County Law as enacted by the New York State Legislature in chapter 691 of the Session Laws of 1950 “[a] statute * * * [must] be construed as a whole, and all parts * * * are to be read and construed together to determine the legislative intent.” (McKinney’s Cons Laws of NY, Book 1, Statutes, §97.)
Applying the foregoing rules of statutory construction to the County Law, the court finds that the Legislature provided specific and distinct duties for the offices of District Attorney and County Attorney. The Legislature further provided for the appointment of a Special Prosecutor, without reference to the County Attorney. To appoint the County Attorney as a Special Prosecutor would be an act of legal legerdemain. In effect, the court would be granting a power to the County Attorney that the Legislature could have but did not grant.
In reviewing the appropriate case law and statutes bearing upon this subject, as well as the duties of the County Attorney as delineated by section 501 of the County Law, the court is prohibited from appointing the County Attorney to prosecute criminal matters. The court is not aware of any statute that grants criminal prosecutorial power to a County Attorney. The court notes that the County Attorney prosecutes juveniles in Family Court, in what are civil and not criminal proceedings. The county legislature may request the County Attorney to perform certain duties in the furtherance of the common good of the county as long as it is compatible with the existing statutes. The law as interpreted by the court does not give that authority to the County Attorney to act both as the civil and criminal attorney for the County of Dutchess.
The court recommends that the county legislature petition its elected State officials to enact legislation to allow *586 District Attorneys in adjoining counties to prosecute cases of this matter where the District Attorney is disqualified.
Accordingly, the court, under section 701 of the County Law, appoints Vincent J. Cuccia, Esq., as Special District Attorney in this matter.