Requestor: John M. Sipos, Esq., County Attorney County of Seneca 54 Johnston Street Seneca Falls, New York
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the offices of county attorney and district attorney are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The district attorney has the primary responsibility* for the prosecution of criminal offenses in the county. County Law § 700. The county attorney's duties are essentially civil in nature. In addition to representing the county in connection with civil actions and proceedings brought by or against the county, the county attorney acts as the legal advisor to the county legislative body and to every officer whose compensation is paid from county funds. County Law § 501. Among the officers whom the county attorney advises with regard to, for example, matters of administration and interpretations of the County Law, county charter or county administrative code, is the district attorney. Indeed, when the district attorney is named as a defendant in a civil action or proceeding, he is represented by the county attorney. Davis ConstructionCorp. v County of Suffolk, 112 Misc.2d 652 (Sup Ct Suffolk Co 1982), affd, 95 A.D.2d 819 (2d Dept 1983); 1972 Op Atty Gen (Inf) 95; Raynor vKirk, 30 Misc.2d 1041 (DC Nassau Co 1961). See, People v Hellman,124 Misc.2d 582, 584 (Dutchess Co Ct 1984).
In addition to these duties, under section 406 of the County Law, county officers whose official duties include the collection of fines, penalties, fees or other moneys belonging to the county must file an annual report setting forth the nature and amount of the moneys so collected. County Law § 406(1). If a county official refuses or neglects to file a required report, subdivision 2 of section 406 imposes a penalty of $100, "to be recovered by the district attorney in an action brought in the name of the county". County Law § 406(2). Section 406 provides further that if the district attorney is the official who refuses or neglects to file the report of moneys collected, "the action shall be brought by the county attorney in the name of the county". Ibid. Thus, the district attorney and the county attorney perform a supervisory function: if either of these officials fails to file the accounting required by section 406, it is the responsibility of the other to commence an action to recover the statutorily-imposed penalty and/or compel compliance with the statute.
See, also, People v Hellman, 124 Misc.2d 582 (Dutchess Co Ct 1984 [county attorney may not serve as special prosecutor]); 1982 Op Atty Gen (Inf) 154; 1943 Op Atty Gen (Inf) 266.
Thus, the duties of these two positions conflict and should not be performed by the same person.
We conclude that the offices of district attorney and county attorney are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* Some petty offenses may be prosecuted by municipal attorneys, local officers or private attorneys acting pursuant to a delegation from the district attorney. People v Van Sickle, 13 N.Y.2d 61 (1963); People vCzajka 11 N.Y.2d 253 (1962). In addition, various State Agencies have the authority to prosecute particular offenses.