OLIVIA R. LINDNER, Appellant, v. HENRY G. LINDNER, Respondent.— In an action for a separation on the ground of cruel and inhuman treatment, judgment was rendered in favor of defendant on the merits, after trial by the court without a jury. Judgment affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Close, J., dissents and votes for reversal and a new trial, with the following memorandum: In this action for separation and support brought by the plaintiff wife against her husband, the trial court based its decision in favor of the husband upon an alleged oral agreement made between this husband and wife that each would go " their own way " and that neither would " molest or interfere with the other." At the time that this alleged agreement was made, the parties were occupying the same house but not cohabiting. He was then paying the plaintiff thirty dollars per week. He gradually reduced this cash allowance until in 1939 she was receiving but fifteen dollars per week, although the record discloses that the defendant is a man of substantial means. The record also discloses that in 1917 the plaintiff brought an action for absolute divorce against the defendant in this State but at the request of the defendant the action was discontinued and the parties became reconciled. About 1929 the defendant began sending his wife and daughter away on trips. His solicitude about having them away from his house, viewed in the light of his previous dereliction, is indicative of his lack of love and affection for them. About 1932 he ceased speaking to the plaintiff and if she addressed him, he did not answer. From that date the parties have been as strangers to each other. In 1930 he ceased speaking to his daughter, then a child of sixteen years. Although she lived in the same house with him until her marriage in 1936, she received the same silent treatment as her mother. The finding that this situation was by mutual agreement and consent is against the weight of the evidence and the probabilities, and is contrary to all the human instincts. The ground suggested by the defendant is slight and the evidence in support of it should receive but little credence, coming as it does from a person who apparently applied one standard to his own conduct and another to that of his wife. Oral agreements of separation should be viewed with suspicion, and their terms should be plain, unequivocal and binding upon both parties. The State has an interest in the marital status and the performance of the contractual obligations flowing therefrom. The conduct of the defendant constituted cruelty within the purview of the authorities. It is cruelty for one spouse to ignore the presence of the other for seven years, though living in the same house. A wife is something more than

a stick of furniture. The plaintiff is entitled at least to the treatment suggested by the lines:

"He will hold thee, when his passion
shall have spent its novel force,
Something better than his dog, a little
dearer than his horse."

The judgment should be reversed and a new trial granted.