■ ELMSFORD PROPERTIES CORPORATION, Respondent, v. DAITCH CRYSTAL DAIRIES, INC., et al., Appellants.— In an action for a declaratory judgment, defendants appeal from an order of the Supreme Court, Westchester County, dated March 13, 1961, which denied their motion for judgment dismissing the complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that plaintiff has an adequate remedy at law, and pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice, on the ground that there is another action pending between the same parties. Order reversed, with $10 costs and disbursements, and motion to dismiss granted, with $10 costs, with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after entry of the order hereon. The action is brought pursuant to section 473 of the Civil Practice Act, for a judgment declaring the rights of the parties under a written lease in which the plaintiff is the landlord and the defendants are the tenants. The complaint prays for consequential relief in the form of a declaration that plaintiff is entitled to receive from defendants, or either of them, a sum of money representing: (a) the reasonable cost of the necessary repairs heretofore made by plaintiff to the floor of the building; and (b) the rent allegedly due and unpaid under the terms of the lease, which defendants have withheld on account of a claim for damages arising out of the loss of, or interference with, the use of the premises during the time consumed by the making of said repairs. An action for a declaratory judgment should not be entertained where there is no necessity for resorting thereto (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305). In the instant case all of the rights asserted by plaintiff against defendants have accrued, and plaintiff should seek its remedy in an action at law for damages (cf. *Frishon Realty Corp.* v. *Stern*, 261 App. Div. 990; *Casanave* v. *Robbins* [*No. 1*] 262 App. Div. 873). In such action, the court will have adequate power to construe the lease to such extent as may be necessary to dispose of the issues. Although the motion to dismiss was improperly made under rule 106 (subd. 4) on the ground

that the "plaintiff has an adequate remedy at law," the parties have treated the motion as one to dismiss on the ground that, on the facts pleaded, the court should refuse to entertain an action for a declaratory judgment; and we have so considered it and have disposed of it accordingly. The motion made pursuant to rule 107 of the Rules of Civil Practice was properly denied even if it be assumed that the complaint in the action commenced by defendant Daitch Crystal Dairies, Inc., against plaintiff will plead the facts and demand the relief which defendants state they will plead and demand (cf. *Westminster Presbyterian Church* v. *Trustees of Presbytery of N. Y.*, 211 N. Y. 214, 219–220). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur. [27 Misc 2d 1063.]