EDDIE ELKORT, Respondent, *v.* 490 WEST END AVENUE COMPANY, Appellant, et al., Defendant.

First Department, November 30, 1971.

2

*Irving Teplitsky* of counsel (*Trause, Saltzman, Perlman & Teplitsky*, attorneys), for appellant.

*Jonathan B. Altschuler* for respondent.

EAGER, J.   The plaintiff's amended complaint has been attacked by motion, on affidavits, pursuant to CPLR 3211 (subd. [a], pars. 2 and 7) and we conclude that the motion should have been granted and the complaint dismissed.

Plaintiff alleges that since 1951 he has been a statutory tenant of an apartment in a building situated in New York City and owned by defendant; that in June, 1969, a fire occurred in the building due to the negligence of the defendant and thereupon, because of building violations, the plaintiff was compelled to move and take up residence in a hotel; that the plaintiff is entitled to possession of said apartment pursuant to the "Rent Laws and the Order of the City Rehabilitation Administration" but that he has been wrongfully deprived of possession; that the "acts and conduct on the part of the defendant have damaged

plaintiff approximately in the sum of $75,000 "; and that the plaintiff will be irreparably damaged unless the defendant is enjoined in the matter of his wrongful acts " and possession of the apartment returned to plaintiff in its original condition * * * and all violations thereon removed by the defendant." By his prayer for relief, the plaintiff seeks an injunction restraining defendant from interfering with plaintiff's peaceful enjoyment of the premises; that defendant be directed to repair the damage caused by the fire and to restore the premises to its prior condition and that plaintiff recover damages including the sum of $75,000 for property damage.

Although the plaintiff insists that the action lies as one for declaratory judgment pursuant to CPLR 3017 (subd. [b]) and for incidental relief, including damages, there is no demand for any declaratory relief or a showing that such relief will serve any useful or practical purpose. As a matter of fact, the plaintiff, in filing a note of issue, stated that this was an action for a mandatory injunction for the restoration to him of his apartment. But the complaint also fails to show any valid ground for the equitable relief which he demands.

As a statutory tenant, the plaintiff's rights are dependent upon the provisions of the city rent and rehabilitation statutes and regulations. Such rights, insofar as they exist, are protected through administrative machinery provided for by the statute and regulations. To the extent that administrative remedies are available and reasonably adequate, the jurisdiction of the City Rent and Rehabilitation Administration is exclusive. (*Barbee* v. *2639 Corp.*, 284 App. Div. 298, 300–301.)

The plaintiff had sought relief by two applications to the City Rent and Rehabilitation Administration. In the last application, alleging violations of his tenancy, the plaintiff claimed that he had been evicted, " locked out ", or otherwise excluded from his dwelling. Orders were rendered on the applications by the District Rent Director reducing the rent of the apartment to $1 per month and confirming such rental because of the failure of the defendant, landlord, to comply with the requirements of section 35 of the Rent, Eviction and Rehabilitation Regulations (furnishing of essential services). The orders of the District Rent Director rendered on the plaintiff's applications were not protested by him for review by the Department of Rent and Housing Maintenance, as authorized by law, and no order had been rendered or specific direction made by competent authority directing defendant to repair the damage. The defendant avers that it has filed an application with the district rent

office for the fixing of a maximum rent on restoration of the apartment but that this application remains undetermined. The plaintiff does not deny the existence of such application, and the defendant claims that it cannot restore the apartment until it knows if it is economically feasible to finance the same.

The plaintiff, if he failed to obtain the administrative relief to which he claims to be entitled, was bound to protest the orders of the District Rent Director or otherwise proceed as authorized by the statute and the rent regulations. His failure to exhaust the administrative remedies available to him precludes the maintenance of an action for equitable or declaratory relief. (Generally, see *Old Farm Rd.* v. *Town of New Castle*, 26 N Y 2d 462; *Penfield* v. *Murray Hill Holding Corp.*, 281 App. Div. 675, affd. 306 N. Y. 602; *Bell* v. *Village of Cornwall*, 25 A D 2d 561; *Great Atlantic & Pacific Tea Co.* v. *Boland*, 176 Misc. 258, affd. 261 App. Div. 900.) Furthermore, where, as here, there is provision for the maintenance of an article 78 proceeding for review of a final determination of the Rent and Housing Commissioner in rent and housing matters, the resort to a formal action for declaratory judgment is not to be encouraged. (Generally, see *Industrial Group Serv.* v. *Cantor*, 24 A D 2d 1032; *Siegel* v. *Lassiter*, 6 A D 2d 879.) Actually, it is well settled that the declaratory judgment remedy is generally appropriate only where a conventional form of remedy is not available and a declaratory judgment will serve some practical and useful purpose. (See, e.g., *Krieger* v. *Krieger*, 25 N Y 2d 364, 366; *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.)

This is not a case where the plaintiff shows that he is now or about to be " deprived unlawfully of the protection of the emergency statutes " (see *Barbee* v. *2639 Corp.*, 284 App. Div. 298, 301, *supra*, *Cooper* v. *Castagnello*, 64 Misc 2d 448, 450), or where the plaintiff presents a justiciable controversy appropriate for declaratory relief. (See *Gilligan* v. *Tishman Realty & Constr. Co.*, 283 App. Div. 157, affd. 306 N. Y. 974.) Therefore, the decisions cited in the dissenting memorandum are distinguishable. Here, the plaintiff, as a statutory tenant, does not show any basis for a judgment directing that the defendant repair the apartment vacated by the plaintiff or for any of the injunctive relief which he seeks; nor does he show that there now exists a justiciable controversy requiring declaratory relief. Moreover, the $75,000 damage which the plaintiff demands for property damage caused by the fire is not in any way incidental or consequential to any declaratory relief suggested by the allegations of the amended complaint. (See CPLR 3017, subd. [b].)

Actually, the plaintiff, by bringing an action seeking equitable relief and placing the same on the nonjury calendar, has improperly secured a preference for the trial of his alleged tort cause or causes. Incidentally, it should also be noted that the remedy afforded by the declaratory judgment procedure "was never intended to afford a sanctuary of escape from trying jury issues before a jury" (*Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.*, 250 App. Div. 348, 351). If there is any validity in the claimed causes for negligence or wrongful acts of the defendant, the plaintiff should serve an amended complaint and the action should be processed in the usual form of a tort action.

The order, entered May 7, 1971, should be reversed, on the law, with costs and disbursements, and motion to dismiss the amended complaint should be granted without prejudice, however, to an application by plaintiff to Special Term for leave to serve a further amended complaint pleading such cause or causes of action in tort as he may have to recover for property damage and without prejudice to such administrative remedies as may be available to plaintiff. We have allowed costs on the appeal because we conclude that considerable time of the court has been wasted and the defendant put to unnecessary expense by the improper bringing of this action.

In view of dismissal of the complaint, the appeal from the order entered December 14, 1970, should be dismissed without costs as academic but, were we not dismissing the appeal, we would reverse said order on the law and on the facts and deny plaintiff's motion to amend his complaint. We are unanimously agreed that the granting of the amendment of the *ad damnum* clause was an abuse of discretion in view of the plaintiff's failure to factually show a meritorious cause to recover the damages as claimed and his failure to show a reasonable excuse for his inordinate laches in seeking the amendment. (See *Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775.)

McGIVERN, J. P. (dissenting). I would affirm the denial of the motion to dismiss the complaint for lack of jurisdiction and reverse only so much of the order as allowed an increase of the *ad damnum* clause. That the courts have jurisdiction has been repeatedly maintained. (*Gilligan* v. *Tishman*, 283 App. Div. 157, 164, affd. 306 N. Y. 974; *Barbee* v. *2639 Corp.*, 284 App. Div. 298, 301; *Cooper* v. *Castagnello*, 64 Misc 2d 448.) The utter impotency of the administrative relief is patent from the lapse of time since the fire, due to the defendant's negligence, June 11, 1969, and the order of the City Rent and Rehabilitation Administration, July 2, 1969. This latter order read: " Under the Regulations the above named tenant is entitled to be rein-

6

stated into possession of the apartment after the fire damage is repaired ". Neither event having occurred, the plaintiff desperately, but properly, turned to the courts. And the court, on the complaint herein, can fashion suitable relief. (*I.H.P. Corp.* v. *210 Central Park South Corp.*, 16 A D 2d 461.)

I am also distressed by the imposition of costs on this hard-pressed tenant, who served his complaint on October 14, 1969 and placed the case on the calendar by note of issue dated August 10, 1970. The landlord did not move to dismiss for jurisdiction-failure until the eve of trial, April 8, 1971, and only after requesting many trial adjournments and after extensively examining the plaintiff. By my computation, this action has been on the Trial Calendar 11 times, the plaintiff has been examined on 7 occasions, the matter has engaged the attention of no less than 5 Judges, before this appeal, and was the subject of 7 motions prior to the instant motion to dismiss " on the ground that the Court does not have jurisdiction of the subject matter." Thus, this motion comes with ill-grace and from one who has ignored the Rent Administrator and ill-used our courts. I would deny defendant's motion to dismiss, with costs and disbursements.

Murphy and Tilzer, JJ., concur with Eager, J.; McGivern, J. P., dissents in an opinion in which Kupferman, J., concurs.

Order, Supreme Court, New York County, entered on May 7, 1971, reversed, on the law, defendant-appellant's motion granted, the amended complaint dismissed and the action severed as to defendant-appellant, without prejudice, however, to an application by plaintiff to Special Term for leave to serve a further amended complaint pleading such cause or causes of action in tort as he may have to recover for property damage and without prejudice to such administrative remedies as may be available to plaintiff. Appellant shall recover of respondent $50 costs and disbursements of this appeal.

Appeal from order, Supreme Court, New York County, entered on December 14, 1970, dismissed as academic, without costs and without disbursements.