■ COMMITTEE FOR THE PRESERVATION OF FRESH MEADOWS, INC., et al., Appellants, v FRESH MEADOWS ASSOCIATES, Respondent.—In an action to recover damages for breach of the warranty of habitability, plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County, dated April 7, 1978, which, *inter alia,* granted defendant's motion for summary judgment and dismissed the complaint for failure to state a cause of action. Order and judgment reversed, on the law, with $50 costs and disbursements, motion denied, and complaint reinstated. Special Term held that the warranty of habitability contained in section 235-b of the Real Property Law did not apply to leases signed prior to its effective date. It reasoned that no such common-law warranty existed and that there was no evidence that the Legislature intended the statute to be applied retroactively. However, the same argument was apparently made and rejected in *Park West Mgt. Corp. v Mitchell* (62 AD2d 291). In upholding the existence of a warranty of habitability, the Appellate Division, First Department, commented (p 296) that section 235-b "was unmistakably designed to codify and confirm a body of case law already in existence" (citing *Tonetti* v *Penati,* 48 AD2d 25, and several nisi prius opns which clearly recognized the warranty of habitability in New York residential leases). The Court of Appeals, in affirming the order of the Appellate Division in *Park West Mgt. Corp. v Mitchell* (47 NY2d 316, 325), also referred to the statute as "Codifying existing case law." Special Term here held that the plaintiffs tenants' remedies were to be found exclusively within the framework of the Rent Stabilization Law. In *Park West,* however, wherein both sides apparently conceded that the leases applied to rent controlled units, the Appellate Division held that the warranty of habitability was clearly applicable and commented (p 297) that "The cases intended to be codified invariably involved rent-controlled apartments, a fact surely known to the Legislature when the section was enacted." Although the Court of Appeals did not discuss the rent control question, its affirmance in *Park West* necessarily implied agreement with the central holdings of the Appellate Division. One difference between *Park West* and this case is that the warranty claim there was asserted as a setoff against the landlord's summary proceedings for nonpayment of rent, whereas here the tenants have brought suit for damages. However, in discussing the appropriate available remedies for breach of warranty, the Court of Appeals in *Park West* expressly noted that (p 329) "[T]he award may take the form of a sum of money awarded the tenant in a plenary action". From the above it seems clear that the cause of action for breach of the warranty of habitability should not have been dismissed as insufficient. Since the motion here was addressed to the complaint as a whole, the existence of a properly stated cause of action for

breach of the warranty of habitability requires that the motion be denied in its entirety (see *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 46 AD2d 794; *De Maria v Josephs,* 41 AD2d 655). Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur. [93 Misc 2d 529.]