DIANA BARTLEY et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v DAVID C. WALENTAS et al., Respondents.

First Department, December 30, 1980

APPEARANCES OF COUNSEL

*Anne Jaffe* of counsel *(Levenson & Ule,* attorneys), for appellants.

*Kenneth G. Schwarz* of counsel *(Fischbein Olivieri & Rozenholc,* attorneys), for respondents.

**OPINION OF THE COURT**

FEIN, J.

Several tenants and their unincorporated tenants' association brought this action for breach of warranty of habitability against the landlord and managing agent of Alwyn Court, located at the corner of Seventh Avenue and West 58th Street in Manhattan. The amended complaint alleged a denial and deprivation of services and necessary repairs to the premises, including water leaks, defective terraces, improper lighting, inadequate elevator service, roach-infested common areas due to inadequate garbage collection, inadequate janitorial maintenance and security due to reduction in personnel, lack of a resident superintendent, suspension of all services during a 1979 labor strike, etc. Plaintiffs sought (1) a declaration of breach of the statutory warranty of habitability under section 235-b of the Real Property Law and deprivation of essential services in violation of rent stabilization and rent control laws, (2) an injunction against the denial and deprivation of services and an order requiring the accomplishment of a delineated list of repairs within a specified time, and (3) the granting of a 100% rent abatement for all tenants in the class from February, 1979, until services are restored to the satisfaction of the court.

■ As Special Term ruled, this case is inappropriate for declaratory relief. A declaratory judgment action is generally appropriate only where a conventional form of remedy is not available. Where alternative conventional forms of remedy are available, resort to a formal action for declaratory relief is generally unnecessary and should not be encouraged *(Elkort v 490 West End Ave. Co.,* 38 AD2d 1, 4). The purpose of such an action is to serve a practical end "in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations." *(James v Alderton Dock Yards,* 256 NY 298, 305.) It is unnecessary where an action at law for damages will suffice *(Elmsford Prop. Corp. v Daitch Crystal Dairies,* 13 AD2d 1026). There, as here, breach of a lease was involved. It was properly held that in determining whether plaintiff was entitled to damages the court would necessarily determine whether there had been a breach of the lease. Obviously there is no need to declare that there is a warranty of habitability. The landlord does not dispute it. The warranty exists as a matter of law (Real Property Law, § 235-b). That a plenary action for damages for breach of the warranty is available is now settled *(Park West Mgt. Corp. v Mitchell,* 47 NY2d 316, cert den 444 US 992; *Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc.,* 71 AD2d 664). If the conditions of which tenants complain exist and if they constitute a breach of the warranty of habitability the tenants will be entitled to appropriate damages or setoff against their rent obligations. No declaratory relief is necessary. There is no "justiciable controversy appropriate for declaratory relief" *(Elkort v 490 West End Ave. Co.,* 38 AD2d, at p 4).

Nor are plaintiffs aided by their claim that landlord has violated the New York City Rent Stabilization Law (Administrative Code of City of New York, §§ YY51-1.0— YY51-8.0) and the New York City rent control law (Administrative Code, §§ Y51-1.0—Y51-18.0), and thus entitling them to a judgment so declaring. As Special Term stated, the remedy for such violations is by way of complaint *and administrative proceedings* before the appropriate agencies and boards provided for in the applicable statutes and regulations. Resort to the courts may then be

had by way of CPLR article 78 proceedings to review the action of the administrative agency *(Elkort v 490 West End Ave. Co., supra; Barbee v 2639 Corp.,* 284 App Div 298, 301). There is no showing that tenants have been deprived unlawfully of the protection of the emergency statutes warranting judicial intervention *(Elkort v 490 West End Ave Co., supra; Barbee v 2639 Corp., supra).* To the extent that the alleged violations of the rent control and rent stabilization laws constitute breaches of the warranty of habitability, damages provide an adequate remedy, although as *Barbee (supra)* indicates, a rent reduction directed by the administrative agencies may well limit or bar relief by way of damages. The administrative agencies do not have exclusive jurisdiction to furnish remedies for breaches of the warranty of habitability (see *Goldner v Doknovitch,* 88 Misc 2d 88, 90 [App Term, 1st Dept]). As previously noted, relief is available by way of plenary action or setoff in a summary proceeding or rent action *(Park West Mgt. Corp. v Mitchell, supra; Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc., supra).*

Accordingly, Special Term properly dismissed the second and third causes of action.

The same considerations would appear to bar equitable relief by way of an injunction. As Special Term indicated, if injunctive relief is granted it might very well inject the court into the day-to-day operations and management of this and any other building in which one or more tenants are dissatisfied with the services supplied by the landlord. Motions to punish for contempt every time a tenant has a complaint might very well follow. The rent control and rent stabilization laws provide administrative machinery for enforcement of such agency orders and for dealing with violations. Complaints may also be made to the appropriate city departments where there are violations. Proceedings to deposit the rents are available in an appropriate case brought by one third or more of the tenants (RPAPL art 7-A). The existence of these remedies would seem to militate against injunctive relief.

The prayer for relief requests that the injunction require

the accomplishment of a delineated list of repairs within a specified time, and an abatement of the rent until services are restored to the satisfaction of the court. Such an injunction would substitute the court for the administrative agencies to which are assigned this very function under the rent control and rent stabilization laws. The detailed management of the building is not the function of the Supreme Court. That the prayer for relief requests such an injunction is not dispositive. The court can retain the action and render legal relief by way of a money judgment.

As indicated in *Ansonia Assoc. v Ansonia Residents' Assn.* (— AD2d —), published simultaneously herewith, the fact that a complaint seeks equitable relief does not require its dismissal on the ground that there is an adequate remedy at law. The cases cited therein establish the principle that even though equitable relief is the sole remedy sought, the court should retain jurisdiction and mold its judgment to the needs of the case, so long as a cause of action is stated. If upon the trial it appears that only a money judgment is warranted, it should be granted. *(Jamaica Sav. Bank v M. S. Investing Co.,* 274 NY 215; *Doyle v Allstate Ins. Co.,* 1 NY2d 439; *Lane v Mercury Record Corp.,* 21 AD2d 602, affd 18 NY2d 889; *Kaminsky v Kahn,* 23 AD2d 231.)

Although, as noted, the complaints made in this action do not appear to require injunctive relief, it may well be that upon the trial such proof will be forthcoming. The warranty of habitability as set forth in the statute warrants that tenants "shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety." (Real Property Law, § 235-b, subd 1.)

Although damages may compensate for prior breaches of the warranty, they may not provide an adequate remedy for a continuing breach. Thus, for example, a shutdown of elevator service in a high-rise apartment, a shutoff of hot or cold water, a failure to provide heat during the winter and other similar drastic continuous action by a landlord breaching the warranty may well require injunctive relief to restrain the continuation of the breach (see *Nelson v*

*Edelstein,* 91 NYS2d 417; *Lustgarten v 36 C. P. S. Inc.,* 9 Misc 2d 684). Accordingly, plaintiffs are entitled to an opportunity to amend their complaint to request appropriate injunctive relief, if so advised.

■ With respect to damages, we have previously indicated that a plenary action for breach of the warranty of habitability is cognizable in the Supreme Court *(Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc.,* 71 AD2d 664, *supra; Park West Mgt. Corp. v Mitchell,* 47 NY2d 316, *supra).* However, the claim for damages still must be set forth with some degree of specificity rather than merely a demand for a 100% abatement "from February 1979 until" some undetermined future date. The complaint fails to state which tenants have suffered damage and to what extent. Amendment is required to specify the tenants involved and the details pertinent to each. Greater specificity is a prerequisite for the viability of this cause of action.

■ The complaint purports to be in the form of a class action. However, as far as appears, no steps have been taken to certify the class. The tenants' association is not a proper party plaintiff. It does not stand in the relationship of landlord and tenant with the landlord. By very definition, it has sustained no damage and is not entitled to any relief. No cause of action is stated on its behalf *(Ansonia Assoc. v Ansonia Residents' Assn., supra).*

Accordingly, the order, Supreme Court, Special Term, New York County (NADEL, J.), entered April 29, 1980, which granted defendants' motion to dismiss the complaint, should be modified, on the law and the facts, to permit the plaintiff tenants only to replead a cause of action for damages, with specificity as to the damages alleged, as well as a cause of action for injunctive relief alleging facts which might entitle plaintiffs to such relief, and to permit tenants other than those named in the complaint to become parties to the action, and otherwise affirmed without costs.

KUPFERMAN, J. P., BIRNS, SANDLER and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on April 29, 1980, modified, on the law and the facts, to permit

the plaintiff tenants only to replead a cause of action for damages, with specificity as to the damages alleged, as well as a cause of action for injunctive relief alleging facts which might entitle plaintiffs to such relief, and to permit tenants other than those named in the complaint to become parties to the action, and otherwise affirmed, without costs and without disbursements.