■ LUBA SHAPIRO, as Treasurer of the DORILTON TENANTS ASSOCIATION, Appellant, v MEYER B. SOBEL et al., Respondents. — Order, Supreme Court, New York County (Shorter, J.), entered on March 20, 1981, affirmed, on authority of *Bartley v Walentas* (78 AD2d 310), without costs and without disbursements. Concur — Kupferman, J. P., Ross, Silverman and Fein, JJ.

Bloom, J., dissents in a memorandum as follows: My learned brethren here hold, on the authority of *Bartley v Walentas* (78 AD2d 310) that an unincorporated tenants' association may not bring an action to enforce a right common to all members of the association. I must respectfully dissent. Plaintiff brings this action as treasurer of the Dorilton Tenants Association, against defendants as the managing agent and the beneficial owners of premises 171 West 71st Street, New York City, a 12-story apartment house, to compel them to provide continuous elevator service in the premises. The amended complaint alleges that on various days during November and December, 1978 and February, March, July and October, 1979, defendants failed to furnish such services. It seeks a mandatory permanent injunction requiring defendants to supply continuous elevator service. The action was commenced on November 2, 1978. Simultaneously therewith, plaintiff moved for a temporary injunction mandating that elevator service be provided during the pendency of the action. An order granting such relief was issued on November 14, 1978. Other interlocutory proceedings, not here pertinent, took place while the case wended its way upward on the Trial Calendar. On June 30, 1980, the case was assigned to a trial part. For reasons which do not enter into our determination, the Justice to whom the case had been assigned for trial recused himself and the matter was referred back to the calendar part for reassignment. Thereafter, plaintiff moved for a trial preference. Defendants cross-moved for summary judgment on the ground that plaintiff had no standing to sue. By order entered March 16, 1981,

the motion for summary judgment was granted upon the ground that: "This action involves the individual property interests of the tenants". This appeal is from that order. Section 12 of the General Associations Law provides: "An action or special proceeding may be maintained, by the president or treasurer of an unincorporated association to recover any property, or upon any cause of action, for or upon which all the associates may maintain such an action or special proceeding, by reason of their interest or ownership therein, either jointly or in common". It is learning much too firmly embedded in our law now to be subject to question that an unincorporated association has no life separate and apart from its members *(Ostom v Greene,* 161 NY 353). Central to its right to sue or to be sued (covered by General Associations Law, § 13), is that there be an interest or right common to all of the members of the association either jointly or severally *(Martin v Curran,* 303 NY 276). Where the injury alleged is common to all the members and the members have a common interest in the consequent relief sought, the right of the association to sue is established *(Kirkman v Westchester Newspapers,* 287 NY 373). However, the right redressed must be the right of the member for, independently of its members, the unincorporated association has no existence. Neither section 12 nor 13 of the General Associations Law created any new substantive rights. These statutes are statutes of convenience *(Martin v Curran,* 303 NY 276, *supra; McCabe v Goodfellow,* 133 NY 89). They provide a shorthand technique for the acquisition of jurisdiction by the court over the individual members. Where the suit is by the association, section 12 permits its initiation without naming each of the members as parties plaintiff. Where the suit is against the association, section 13 permits it to be maintained without naming each of the individual members and serving each of them with process. However, their interest in the subject matter of the suit must be an interest sufficiently common so that in an action brought by or against the association, each could properly be named either as a party plaintiff or as a party defendant. Here, each of the members of the tenants' association has the same common interest in the maintenance of elevator service. It matters little that their interests are several rather than joint. The right sought to be redressed is a right common to all. Under CPLR 1002 (subd [a]), their joinder in their individual capacities would have been proper, inasmuch as they assert a common wrong, a common right to the same relief, their right of action arises out of the same occurrence or series of occurrences and common questions of law and fact are involved. It is no less proper when they assert their common right to seek common relief through the unincorporated association of which they are members. While *Bartley v Walentas* (78 AD2d 310, *supra)* contains language which appears to indicate that a tenants' association is not a proper party in an action seeking rent abatements, an injunction restraining the denial and deprivation of specified services and a mandate requiring that listed repairs be made within a specified time, it is plain from the fact recital that that case is distinguishable. There, only some of the defects sought to be remedied were defects in which *all* members of the association had a common interest. Other defects, such as water leaks and defective terraces, were peculiar to individual tenants. Hence, that case did not seek redress of common rights only. Accordingly, I would modify, on the law, the order of the Supreme Court, New York County (Shorter, J.), entered March 20, 1981, which granted summary judgment to defendants, to the extent of denying defendants' motion for summary judgment, and would otherwise affirm.