■ CHARLES H. GREENTHAL & CO., INC., et al., as Trustees under the Will of ADOLPH TAUSIK, Deceased, Respondents, v 301 EAST 21ST STREET TENANTS' ASSOCIATION et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Shainswit, J.), entered August 6, 1982, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction compelling defendants to grant plaintiffs access to their respective apartments to permit the conversion of electricity from master to individual metering and denied the cross motion to dismiss the complaint, modified, on the law, without costs, to deny preliminary injunctive relief, grant the cross motions to dismiss the complaint and otherwise affirmed. The action, brought by the landlord and its managing agent of premises located at 301 East 21st Street, New York City, seeks a declaratory judgment and injunctive relief directing the tenants to permit the owner access to their apartments to facilitate the conversion of electricity in the 204-apartment complex from master to individual metering. Several of the tenants are members of a loosely formed tenants'·association which had been organized by 156 tenants to deal with neighborhood conditions and the sufficiency of services provided by the landlord. Each tenant contributed $75 to become a member in the association. The individual members of the association were not named as defendants in the action, nor were they ·served with process. Service upon them was directed by Special Term, Part II, by means of personal service upon the attorney representing the tenants' association. A supplemental order to show cause authorized service upon those tenants who were not members of the association by the affixation of the summons and the supplemental order to show cause to the doors of their apartments and by mailing same to their residence address. We are in agreement that the complaint should be dismissed as against the Conciliation and Appeals Board (CAB) and the city Department of Rent and Housing Maintenance, since no affirmative relief is sought as against those parties. However, we find that Special Term erred in failing to dismiss the complaint and deny injunctive relief on the jurisdictional grounds raised on the cross motions to dismiss. Despite the conclusory assertion that the attorney representing the tenants' association agreed to accept service on behalf of the individual members of the association, assuming that such a representation had been made, the record is barren of any evidence sufficient to find that counsel was duly authorized by those tenants to act as their agent for the purpose of service. While any factual issue as to the authority of the attorney would ordinarily require a reference for a hearing, we find, under the facts of this case, that the joinder of, and the service of process upon this loosely formed tenants' association were insufficient to confer personal jurisdiction over its individual members. This case raises in issue a critical dispute between the landlord and each of its tenants. The association, while it may have been formed to press for what the tenants believed to be needed improvements in the building, nevertheless, does not operate to stand in lieu of the tenant vis-à-vis the relationship of the tenant with the landlord (see *Bartley v Walentas,* 78 AD2d 310). This is particularly so in this case, where there is an issue as to the right of the lessor to have access to all of the apartments over the opposition of the individual tenants, who claim that the

conversion to individual metering would amount to a decrease in essential services. Appellants suggest that the landlord should initially pursue an available remedy by appropriate application made to the CAB. Here, none of the tenants who were members of the association was named as original defendant in the action and, concededly, none was personally served either with process or with the order to show cause for injunctive relief. Accordingly, the absence of appropriate service upon them required denial of the motion and the grant of the cross motions to dismiss. Clearly, requisite personal jurisdiction was lacking, without which a binding order could not be entered. The procedure followed by respondents violated fundamental due process requirements (*Mullane v Central Hanover Trust Co.*, 339 US 306). The purported process here was not calculated to give proper notice to the individual tenants and did not afford them, individually, an opportunity to offer any objection to the relief sought (see *Matter of Nationwide Mut. Ins. Co.* [*Monroe*], 75 AD2d 765). Although the record on appeal includes affidavits of service as to most of the tenants who were not members of the association, there were some tenants in the building who were not members of the association and who were not served with process. There were also other tenants who were served, but are not named as party defendants. As to both categories of tenants, the complaint should likewise be dismissed. On the merits, insofar as concerns the remaining tenants, named and served pursuant to the supplemental order, we are in agreement that the appropriate procedure to be followed by the landlord is to apply to the CAB in the first instance for the requested relief. This record is insufficient to determine, as a matter of law, the landlord's claim that the wiring in the building is inadequate and that conversion to individual metering is necessary. The pertinent provisions which govern rent control and rent-stabilized apartments preclude a landlord from discontinuing essential services without appropriate application before the administrative agencies (Administrative Code of City of New York, § YY51-6.0.3; Code of Rent Stabilization Association of New York City, Inc., § 2, subd [m]; § 62). The initial determination of what constitutes an essential service, relevant to the issue here of whether the conversion from master to individual metering should be approved, is a matter appropriately reserved to the administrative agencies, which have the necessary expertise and are best equipped to dispose of the issue (see *Bartley v Walentas, supra*). Although respondents rely upon the availability of such administrative proceedings after the rewiring has been completed, we fail to perceive the necessity of the submission to a judicial tribunal of an issue which, initially, ought to be resolved in appropriate administrative proceedings. A contrary determination would unwisely and improperly immerse the court in issues patently within the expertise of the administrative body. Concur — Sullivan, Milonas, Kassal and Alexander, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur in the result on the basis that the initial determination should be made by the administrative agency. If it were not for that, we should proceed to determine the matter. Inasmuch as many of the tenants were served, it matters not whether the rest received personal service. There is no doubt that they had actual notice, and the issue of metering can be determined with reference to those who appear and be binding by estoppel against the others.