■ ELIZABETH HOLTZMAN, as District Attorney of Kings County, Appellant, v SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.—In an action for a judgment declaring, *inter alia,* that judicial enforcement of peremptory challenges by criminal defendants and their counsel to exclude prospective jurors on the basis of race, religion, sex, or national origin violates the Equal Protection Clause of the Federal and State Constitutions, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rosato, J.), rendered March 7, 1988, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, the District Attorney of Kings County, instituted this action for a judgment declaring, *inter alia,* that judicial enforcement of peremptory challenges by criminal defendants and their attorneys based on race, sex, religion and national origin discrimination violates the Equal Protection Clauses of the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 11). In her complaint, the plaintiff specifically refers to six criminal proceedings dating back to 1982 in which Trial Judges in Kings County allegedly permitted the defense to exercise peremptory challenges in a racially discriminatory manner.

The defendants herein moved to dismiss the complaint on the two-pronged basis that the plaintiff did not have standing to institute this action and that, in any event, the complaint failed to state a cause of action since the requisite element of an equal protection claim, namely, State action, did not exist. The Supreme Court, while finding that the plaintiff had standing to institute this action, granted the defendants' motion to dismiss the complaint for failure to state a cause of action *(see, Holtzman v Supreme Ct.,* 139 Misc 2d 109). The Supreme Court reasoned that the Equal Protection Clauses of the Federal and State Constitutions are not implicated when a criminal defendant or defense attorney exercises his or her

peremptory challenges in a discriminatory manner since State action is not present *(Holtzman v Supreme Ct., supra,* at 115-121). While we affirm the Supreme Court's order granting the defendants' motion to dismiss the complaint, we do so on a different ground.

It is well established that although an action for declaratory relief is not an extraordinary remedy and, thus, a court has a broader power to grant a declaratory judgment than it does in a proceeding pursuant to CPLR article 78 for a writ of prohibition *(see, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 145), "[a]s a general rule, a court should not entertain an action for declaratory judgment where there is no necessity for doing so *(Elmsford Props. Corp. v Daitch Crystal Dairies,* 13 AD2d 1026; *Bartley v Walentas,* 78 AD2d 310; *Todd v Board of Educ.,* 272 App Div 618, affd 297 NY 873). Specifically, it is an abuse of discretion to entertain jurisdiction when another action is pending in which all factual and legal issues can be determined * * * or where other full and adequate remedies exist" *(Davis Constr. Corp. v County of Suffolk,* 112 Misc 2d 652, 656, *affd* 95 AD2d 819).

In accordance with the foregoing principles, we find that, insofar as the plaintiff herein seeks a declaration that the judicial enforcement of a criminal defendant's exercise of racially motivated peremptory challenges constitutes an equal protection violation, the complaint was properly dismissed since this issue has been thoroughly reviewed and decided by this court in *People v Kern* (149 AD2d 187 [decided herewith]; *see also, People v Gary M.,* 138 Misc 2d 1081; *People v Muriale,* 138 Misc 2d 1056; *People v Piermont,* County Ct, Westchester County, May 8, 1989, Carey J.; *People v Davis,* 142 Misc 2d 881). Accordingly, the issue has been determined. Moreover, to the extent that the plaintiff seeks a similar declaration with regard to a criminal defendant's discriminatory exercise of peremptory challenges based on sex, religion and national origin, we find that the plaintiff has failed to state a valid cause of action by reason of the absence of any factual allegations establishing a justiciable controversy on this issue. Mollen, P. J., Mangano, Brown and Spatt, JJ., concur.