■ PLANDER LANES, INC., Respondent, v IDA BELLAMORE et al., Appellants. (Action No. 1.) PHILIP BELLAMORE et al., Appellants, v HARLEY PLANDER et al., Respondents. (Action No. 2.)—In two related actions, inter alia, to foreclose a mortgage (Action No. 1) and for declaratory relief (Action No. 2), (1) the defendants in Action No. 1 appeal, as limited by their notice of appeal and brief, from so much of a judgment of the

Supreme Court, Nassau County (Roncallo, J.), dated October 27, 1989, as awarded the plaintiff summary judgment, and (2) the plaintiffs in Action No. 2 appeal from an order of the same court, dated September 27, 1989, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the judgment dated October 27, 1989 (Action No. 1) is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 27, 1989 (Action No. 2) is affirmed; and it is further,

Ordered that Harley Plander and Plander Lanes, Inc., are awarded one bill of costs.

On July 2, 1987, Ida and Philip Bellamore (hereinafter the Bellamores), who are the defendants in Action No. 1 and the plaintiffs in Action No. 2, executed a mortgage and mortgage note concerning their real property located at 1600 East Drive, Merrick, New York, in favor of Plander Lanes, Inc. (hereinafter Plander), which is the plaintiff in Action No. 1 and a defendant in Action No. 2. The mortgage and note, which secured repayment of a $61,500 debt not due, except in the event of default, until July 1989, but which required monthly interest payments, were collateral to certain business arrangements concerning a bowling center located on Merrick Road in Massapequa, New York. In December 1987, Plander purchased the bowling center from the Bellamores and then leased it back to them. However, disputes developed concerning the renovation of the bowling center as a result of which the Bellamores refused to make the requisite interest payments on the note as required by the mortgage and they failed to make payments due pursuant to the bowling center lease.

In or about 1988, Plander commenced a non-payment summary proceeding to evict the Bellamores from the bowling center and notified them that it was declaring a default on the note and mortgage. Shortly thereafter, the parties entered into a stipulation settling the summary proceeding by which they agreed that a judgment of possession would be entered in Plander's favor, that a warrant of eviction would be issued, and that execution on the warrant would be stayed until January 2, 1989, by which time the Bellamores were to repurchase on specified terms, and close title on, the bowling center, whereupon the warrant would be deemed void. They further agreed that if title did not close by January 2, 1989, the Bellamores would "voluntarily" vacate the bowling center premises on that date. And they agreed that Plander would

take no steps to foreclose the mortgage on the East Drive property "through and including" January 2, 1989, that the mortgage foreclosure forebearance provision would be "void" after January 2, 1989, that a satisfaction of the mortgage would be delivered to and held in escrow by Plander's attorneys, and that, in the event the Bellamores either timely purchased the bowling center premises on the specified terms or vacated them by the specified time, and if they also paid to Plander no later than January 2, 1989, $8,000 representing an insurance premium reimbursement, then Plander would deliver the satisfaction of the mortgage to the Bellamores for filing.

The Bellamores neither closed title nor vacated the premises by the specified time and did not make or then offer to make the required payment. Moreover, the record before us establishes that the Bellamores were evicted from the bowling center on February 16, 1989, by the Nassau County Sheriff.

In or about May 1989, Plander commenced Action No. 1 to foreclose the mortgage on the East Drive premises. By an amended answer, the Bellamores asserted that, because of the stipulation of settlement in the summary proceeding, they were entitled to have the satisfaction of mortgage filed. Plander made application for summary judgment and the Bellamores opposed, asserting through their attorney that they "peaceably" vacated the premises when Plander "wanted to re-enter". The Bellamores also commenced Action No. 2 seeking certain declarations concerning the right of the parties under the stipulation of settlement, as well as money damages on account of Plander's alleged breaches of earlier agreements regarding the modernization of the bowling center. Plander, instead of answering, moved to dismiss the complaint in Action No. 2 pursuant to CPLR 3211 (a) (1) and (5) on the ground that the stipulation of settlement and general releases demonstrated that the action could not be maintained. The Bellamores again opposed, vaguely alluding to a "scheme" by Plander with respect to the releases but otherwise relying on the stipulation of settlement. The Supreme Court granted both of Plander's motions. We affirm.

The affirmation of the Bellamores' attorney, submitted in opposition to the motion for summary judgment in Action No. 1, is patently insufficient to defeat or forestall Plander's right to foreclosure (see, Zuckerman v City of New York, 49 NY2d 557). Apart from the fact that their attorney's affirmation is of no evidentiary value (Zuckerman v City of New York, supra), the claim that the Bellamores "peaceably" vacated the bowl-

ing center premises upon Plander's "re-entry" does not defeat Plander's prima facie showing (see, CPLR 3211 [a] [5]) that their departure was neither timely nor voluntary. Since none of the conditions in the stipulation of settlement triggering Plander's obligation to deliver the satisfaction of mortgage were met and since it is otherwise undisputed that the Bellamores are in default on the note and mortgage, the Supreme Court properly determined that, as a matter of law, Plander is entitled to a judgment of foreclosure.

The dismissal of the complaint in Action No. 2 was also proper. It is clear that the release and the stipulation of settlement are a bar to any claims arising prior to their execution (see, Mangini v McClurg, 24 NY2d 556; Lucio v Curran, 2 NY2d 157; Mar Co. Export v Banco de Santander-Puerto Rico, 99 AD2d 403; Mt. Read Term. v LeChase Constr. Corp., 58 AD2d 1034). With respect to the prayers for declaratory relief contained in the Bellamores' complaint, although the Supreme Court would otherwise have been required on appropriate motion (see, e.g., CPLR 3212) to direct entry of declarations in Plander's favor (see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901), declarations here are unnecessary inasmuch as the rights of the parties with respect to the stipulation of settlement were determined in the prior decision in the foreclosure action, which was ultimately reduced to judgment (see, CPLR 3001; Holtzman v Supreme Ct., 152 AD2d 724, 725). To the extent that the Bellamores raise arguments in this court concerning the stipulation of settlement not raised before the Supreme Court, they have not been considered on appeal (Rohdie v Michael Guidice, Inc., 132 AD2d 541, 542; Schoonmaker v State of New York, 94 AD2d 741). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.