■ Peter Snitovsky, Respondent, v Forest Hills Orthopedic Group, P.C., Appellant. [844 NYS2d 91]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 22, 2006, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the second cause of action as sought to recover compensatory damages and to dismiss the third and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a physician, commenced this action, inter alia, to recover damages for breach of contract. The plaintiff alleged that he performed services for the defendant orthopedic group from September 1, 2003 until June 27, 2005, but either was not compensated or not fully compensated for such services. For the period between September 1, 2003 and August 31, 2004, the plaintiff alleged that he performed such services pursuant to a written agreement with the defendant. For all other relevant periods, he alleged that he performed services pursuant to an oral agreement. Prior to answering, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the second, third, and fourth causes of action. The second cause of action sought to recover compensatory and punitive damages for breach of the implied covenant of good faith and fair dealing. The third cause of action sounded in quantum meruit and the fourth cause of action alleged unjust enrichment. The Supreme Court granted that branch of the motion which was to dismiss so much of the second cause of action as sought to recover punitive damages, but denied those branches of the motion which were to dismiss so much of the second cause of action as sought to recover compensatory damages and to dismiss the third and fourth causes of action. We affirm.

Accepting the allegations of the pleadings as true, and giving the plaintiff the benefit of every possible favorable inference, the plaintiff adequately alleged causes of action to recover damages for breach of the implied covenant of good faith and fair dealing (see New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]; Dalton v Educational Testing Serv., 87 NY2d 384 [1995];

1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630 [2002]), in quantum meruit (see Sperry v Crompton Corp., 8 NY3d 204 [2007]), and for unjust enrichment (see Cruz v McAneney, 31 AD3d 54 [2006]). Contrary to the defendant's contention, these equitable causes of action need not be dismissed because there existed a written agreement between the parties (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]). Rather, some of the compensation demanded was allegedly earned outside of the scope of the parties' written agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 382).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Florio and Dillon, JJ., concur.