█ MILES TURKAT, Appellant, v LALEZARIAN DEVELOPERS, INC., et al., Respondents. [860 NYS2d 153]—

In an action, inter alia, in effect, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered May 17, 2007, as, upon reargument, adhered to its prior determination in an order dated January 10, 2007, granting that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the first cause of action.

Ordered that the order entered May 17, 2007 is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the order dated January 10, 2007, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the first cause of action is vacated and that branch of the motion is denied.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint

as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the alleged facts fit within any cognizable legal theory (see Town of Riverhead v County of Suffolk, 39 AD3d 537, 539 [2007]; Hartman v Morganstern, 28 AD3d 423, 424 [2006]). A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence that forms the basis of the defense is such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claims (see Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp., 27 AD3d 445, 446 [2006]), which is not the case here.

A covenant of good faith and fair dealing is implied in all contracts, encompassing any promises which a reasonable person in the position of the promisee would be justified in understanding were included and which are not inconsistent with the terms of the contract (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]; AFBT-II, LLC v Country Vil. on Mooney Pond, 305 AD2d 340, 342 [2003]; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630, 631 [2002]). Accepting the allegations of the complaint as true and giving the plaintiff the benefit of every possible favorable inference, the plaintiff, in his first cause of action, stated a cause of action against Lalezarian Developers, Inc., in effect, to recover damages for breach of contract based on an alleged breach of the implied covenant of good faith and fair dealing inherent in the parties' contract (see Snitovsky v Forest Hills Orthopedic Group, P.C., 44 AD3d 845 [2007]; Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC, 32 AD3d 423, 424 [2006]; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630, 631 [2002]). Accordingly, the Supreme Court erred in adhering to its prior determination dismissing the plaintiff's first cause of action. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.