Twinkle Play Corp. v Alimar Props., Ltd. (2020 NY Slip Op 04987)





Twinkle Play Corp. v Alimar Props., Ltd.


2020 NY Slip Op 04987


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-10896
 (Index No. 503585/18)

[*1]Twinkle Play Corp., appellant,
v
Alimar Properties, Ltd., respondent.


Peluso & Touger, LLP, New York, NY (Carl T. Peluso and Qualia Hendrickson of counsel), for appellant.
Law Offices of Abe George, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 18, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action is denied.
In March 2017, the plaintiff, as tenant, and the defendant, as landlord, entered into a commercial lease, whereby the plaintiff was to open and operate a children's play and party space on the ground floor of a building owned by the defendant in Brooklyn. In February 2018, the plaintiff commenced this action against the defendant, asserting, inter alia, a cause of action sounding in breach of contract. The plaintiff alleged that the defendant had refused to sign certain paperwork required by the New York City Department of Buildings (hereinafter the DOB) in order for the plaintiff to legally operate its business, causing the plaintiff to suffer lost revenues. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated July 18, 2018, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the motion which was to dismiss the third cause of action, sounding in breach of contract.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference" (255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 655, 656 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "In determining such a motion, the court may freely consider additional facts contained in affidavits submitted by the plaintiff to remedy any defects in the complaint" (Sheridan v Carter, 48 AD3d 444, 445). "[W]hether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss" (Lieberman v Green, 139 AD3d 815, 816).
"The essential elements for pleading a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 924). "A covenant of good faith and fair dealing is implied in all contracts, encompassing any promises which a reasonable person in the position of the promisee would be justified in understanding were included and which are not inconsistent with the terms of the contract" (Turkat v Lalezarian Developers, Inc., 52 AD3d 595, 596; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153). "The implied covenant of good faith and fair dealing is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (Atlas El. Corp. v United El. Group, Inc., 77 AD3d 859, 861 [internal quotation marks omitted]).
Here, accepting as true the allegations of the complaint, augmented by the plaintiff's submissions in opposition to the defendant's motion to dismiss, and giving the plaintiff the benefit of every possible favorable inference, the plaintiff stated a cause of action, in effect, to recover damages for breach of contract based on an alleged breach of the implied covenant of good faith and fair dealing inherent in the parties' contract (see 255 Butler Assoc., LLC v. 255 Butler, LLC, 173 AD3d at 656; Turkat v Lalezarian Developers., Inc., 52 AD3d at 596). The plaintiff alleged, in effect, that there was an implied understanding that the defendant would cooperate with the plaintiff's efforts to legally change the usage of the rental space, which would require approval by the DOB, and, therefore, the defendant's failure to cooperate in legalizing the premises constitutes a breach of contract.
"A party seeking dismissal pursuant to CPLR 3211(a)(1) on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d at 656 [internal quotation marks omitted]). "In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677-678). Here, the evidence submitted by the defendant either was not "documentary" within the meaning of CPLR 3211(a)(1) or failed to conclusively establish a defense to the third cause of action as a matter of law (see Neckles Bldrs., Inc. v Turner, 117 AD3d at 925).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court