Breslin Brookhaven, LLC v Rose (2026 NY Slip Op 01757)

Breslin Brookhaven, LLC v Rose

2026 NY Slip Op 01757

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-10463
 (Index No. 609644/22)

[*1]Breslin Brookhaven, LLC, etc., respondent,
vAllan . Rose, et al, appellants.

Herrick, Feinstein LLP, New York, NY (Michael Berengarten and Scott C. Ross of counsel), for appellants.
Dantzig & Zigman, P.C., Carle Place, NY (Matthew T. Feinman, Susan E. Dantzig, and Alan S. Zigman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for declaratory relief, the defendants appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered October 16, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fourth causes of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 1999, the plaintiff, Breslin Brookhaven, LLC, and the defendant Allan V. Rose formed a limited liability company (hereinafter the LLC) for the purpose of developing certain real property located in Suffolk County. In 2022, Rose allegedly transferred his membership interest in the LLC to the defendant AVR Enterprises, LLC.
In July 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for declaratory relief. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the first, second, third, and fourth causes of action. In an order entered October 16, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction and a court must accept the facts as alleged in the complaint as true, accord the claimant the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Matter of Toyota Lease Trust v Perfection Auto Serv., Inc., 230 AD3d 1323, 1324). "A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law" (id.).
Here, the Supreme Court improperly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the second cause of action, alleging breach of fiduciary duty. "The elements of a breach of fiduciary duty cause of action are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct, which elements must be pleaded with the particularity required by CPLR 3016(b)" (Stinner v Epstein, 162 AD3d 819, 820). Since the second cause of action merely seeks monetary damages and is not based on an allegation of fraud, it is subject to a three-year statute of limitations (see CPLR 214[4]; Kefalas v Pappas, 226 AD3d 757, 763). Thus, so much of the second cause of action as seeks to recover damages for breach of fiduciary duty based on a 2017 exchange of real property pursuant to 26 USC § 1031 is time-barred. Insofar as the plaintiff alleged that Rose violated his fiduciary duty by acquiring and developing land adjacent to the LLC's property, the plaintiff's bare and conclusory allegations related to damages, without any supporting detail, failed to satisfy the requirements of CPLR 3016(b) (see Mann v Sasson, 186 AD3d 823, 824).
However, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the third cause of action, alleging breach of contract. Accepting as true the allegations in the complaint, and giving the plaintiff the benefit of every possible favorable inference, the plaintiff sufficiently pleaded the existence of a contract, the plaintiff's performance pursuant to that contract, Rose's breach of a provision of the contract, and damages resulting from the breach (see Twinkle Play Corp. v Alimar Props., Ltd., 186 AD3d 1447, 1448; Webster v Forest Hills Care Ctr., LLC, 164 AD3d 1499, 1500). Contrary to the defendants' contention, the operating agreement does not conclusively establish that all the promotional materials at issue were not "similar advertising material regarding the activities of the LLC" within the meaning of the operating agreement (see Upfront Megatainment, Inc. v Thiam, 215 AD3d 576, 578; AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d 673, 676).
As to the first and fourth causes of action, seeking declaratory relief, "'[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 773, quoting Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 946). "The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations" (James v Alderton Dock Yards, 256 NY 298, 305; see CPLR 3001). "'Thus, where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied'" (Ciaccio v Wright-Ciaccio, 211 AD3d 900, 901-902, quoting Minovici v Belkin BV, 109 AD3d 520, 524).
Here, the complaint adequately set forth a cause of action for a judgment declaring the lawful members of the LLC, and the defendants' submissions failed to dispel all factual issues regarding the merits of that cause of action (see Weinstein v Wallace, 231 AD3d 1187). Accordingly, the Supreme Court properly denied dismissal of the first cause of action pursuant to CPLR 3211(a)(1) and (7) (see 88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d at 774).
However, the Supreme Court should have granted dismissal pursuant to CPLR 3211(a)(7) of the fourth cause of action, which was for a judgment declaring the plaintiff's right to be identified in the LLC's advertising. To the extent the fourth cause of action is not duplicative of the third cause of action, to recover damages for breach of contract (see USRC Forest Hills, LLC v 68-60 Austin St. Realty Corp., 232 AD3d 746, 746-747), the plaintiff failed to state any factual allegations establishing a justiciable controversy on this issue (see Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 680; Holtzman v Supreme Ct. of State of N.Y., 152 AD2d 724, 725).
The defendants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court